ROSIE SIEGEL AND HENRY SIEGEL, RESPONDENTS, v. PAULINE SAUNDERS, APPELLANT, AND PRAOBASA REALTY CORPORATION, DEFENDANT.

Submitted May 31, 1935—Decided October 9, 1935.

For the appellant, *Henry K. Golenbock.*

For the respondents, *Theodore D. Parsons.*

The opinion of the court was delivered by

LLOYD, J. This case arises out of an automobile accident which happened in Virginia. The plaintiffs were passengers in the car of Mrs. Saunders and while the latter was driving the car ran off the road and into an embankment, causing the injuries for which suit was brought. The law of Virginia, which must control, adopts the rule of gross negligence as a test of liability to one riding in another's automobile as a guest. There were verdicts for the plaintiffs, and the defendant Saunders appeals.

On the appeal two questions are raised.

(1) Whether the case should have been controlled by the judge by nonsuit or direction of a verdict for the defendant.

(2) Whether the judge was justified in refusing a request which was presented for charge.

To establish liability the plaintiffs proved that the party left Richmond, Virginia, in March for Bradley Beach, New Jersey, intending to get breakfast at Fredericksburg, distant fifty-six miles. They were delayed in getting started and

Mrs. Saunders, the driver of the car, was much irritated, according to the plaintiff's proofs, and constant quarreling took place between Mrs. Saunders and her husband on the way up. There was proof that shortly before the accident occurred the quarrel became so severe that the wife took her hands from the wheel in her gesticulations and the car ran off the road and the accident occurred.

The motions for nonsuit and direction were made on the ground that proof of the negligence necessary to establish liability did not exist. Judge Lawrence thought to the contrary, refused the motions and submitted the case to the jury.

We think he was right. The testimony was that the car was traveling at comparatively high speed, and for a driver to get so interested in quarreling over the cause of the late start as to take her hands from the wheel and let it run off the side of the road and ultimately into an embankment, as might be fairly inferred, was enough for the jury to find that this was more than ordinary negligence or want of care; that it was such a degree of failure to observe her duty as to constitute gross carelessness.

As to the second point: Counsel for the defendant presented a request to the effect that the defendant owed merely the duty of not knowingly or wantonly adding to the perils which might ordinarily be expected. The judge refused this request and submitted the case to the jury in a charge defining gross negligence, to which no objection is made.

Virginia seems to have followed the Massachusetts rule (*Boggs* v. *Plybon,* 157 *Va.* 30) as to liability, in such cases, viz.: that gross negligence is the test of liability. This rule has been considered by this court in *Harber* v. *Graham,* 105 *N. J. L.* 213. The instruction was properly refused. Gross negligence does not necessarily imply willfulness.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 16.

*For reversal*—None.