Ed O'Reilly v. P. J. Sattler.

193 So. 817
Division A
Opinion Filed February 16, 1940
Rehearing Denied March 5, 1940

*Askew & Kiernan* and *Erle B. Askew,* for Plaintiff in Error;

*McKay, Macfarlane, Jackson & Ferguson,* for Defendant in Error.

TERRELL, C. J.—Three young men, Ed. O'Reilly, P. J. Sattler, and Joe Carr were driving from Tampa to St. Petersburg in the automobile of Sattler which was at the time driven by Carr with Sattler's knowledge and consent. They had been attending the homecoming events at the University of Tampa and as they approached St. Petersburg about four in the morning, they ran into a truck proceeding along the road in the same direction. The truck and the car were demolished as a result of the collision, one man and two hounds riding in the truck were killed, and everyone else in the automobile and truck, including O'Reilly, was injured.

O'Reilly brought this action against Sattler as owner of the automobile to recover damages for personal injuries. When the cause came on for trial and the plaintiff concluded his testimony, the defendant moved for an instructed verdict. This motion was granted whereupon defendant announced that he would take a non-suit with bill of exceptions. An order of non-suit was entered, the plaintiff moved for a new trial which was denied and the plaintiff took writ of error.

The essential question to be decided may be stated as follows: In view of Chapter 18033, Acts of 1937, was Sattler liable to O'Reilly for personal injuries resulting from the collision so described?

Section 1 of Chapter 18033, is the pertinent part and is as follows:

"Section 1. That no person, transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or

wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought, provided that the question or issue of negligence, gross negligence, and wilful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury. Provided that nothing in this Act shall apply to school children or other students being transported to or from schools or places of learning in this State."

It is admitted that at the time of the accident, O'Reilly was a guest passenger in Sattler's car without compensation. In this case, he is under the statute confronted with the necessity of showing that the accident was caused by the "gross negligence or wilful and wanton conduct" of Sattler or his agent, Carr, who was driving the automobile and that such conduct was the proximate cause of his injury.

The evidence shows that at the time of accident Carr was driving the automobile; O'Reilly was sitting on the front seat with him, and Sattler was asleep on the back seat. The road was thirty feet wide, paved, and was a white way. The accident took place about 4 A. M. or later, four miles from the business section of St. Petersburg. The occupants of the truck were returning from a wild-cat hunt and were being driven by a negro, Jessie McPherson. The truck was struck by the automobile from the rear and wood, glass, and tire marks were on the street 138 feet from where they commenced to where the automobile and truck came to rest. No one witnessed the accident except the occupants of the automobile and truck and they had no intelligent knowledge of how it occurred or how fast the

automobile was traveling. There is no evidence of intoxication or excessive speed unless we may assume that the distance traveled after the automobile struck the truck shows that the automobile was running at an excessive speed. We might assume that the accident was caused by excessive speed, misjudgment, or some momentary lapse of the driver but this would not bring it within the statute quoted.

Taken in their ordinary use, the words "gross negligence" and "wilful and wanton misconduct" are not synonymous but in the statute under review, they are connected by the conjunctive "or" and impart a similar degree of negligence. We therefore hold that as here employed, they are synonymous and we further hold that they must be supported by conclusive proof of gross negligence before a verdict will be permitted to stand. A mere showing of ordinary negligence is not sufficient.

We find no proof in the record that affords any conclusive clue or presumption as to how the accident took place. The automobile was proceeding on the right side of the road, and the road was straight, and the only witness on this point said that it was running fast but as to how fast, he had no idea. The doctrine of *res ipsa loquita* is not available to aid the plaintiff in a case like this.

We find no error so the judgment is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.