ETHEL KOGER, minor, by her next friend, D. D. KOGER, v. GEORGE L. HOLLAHAN

198 So. 685
Division A
Opinion Filed November 19, 1940
Rehearing Denied December 5, 1940

*Carson, Petteway & Stembler* and *Forrest Sullivan,* for Plaintiff in Error;

*Knight & Green,* for Defendant in Error.

THOMAS, J.—We are asked to pass on the propriety of the order of the circuit judge sustaining a demurrer to the declaration and entering a judgment against the plaintiffs. The declaration consisted of two counts which are very similar in their allegations, the one charging that the plaintiff in error, Ethel Koger, when injured, was riding as a passenger in an automobile driven by George L. Hollahan, Jr., with the knowledge and consent of the defendant, George L. Hollahan, and the other alleging that she was riding as a passenger in an automobile owned by the defendant and entrusted by him to George L. Hollahan, Jr. In both counts it was stated that the plaintiff in error paid nothing for the transportation.

We have stated above that part of the inducement necessary to a decision of the first question. In reply to it we

must determine whether under the so-called "guest statute," Chapter 18033, Laws of Florida, Acts of 1937, any liability for injury to the guest of the operator of a car extends to the owner in a case of gross negligence.

In considering the second and only remaining question we will discuss the sufficiency of the allegations of the declaration to show negligence that was gross, but for the purpose of answering the first one we will assume that the pleading was in that respect sufficient.

It is well to state here that the circuit judgment in sustaining the demurrer gave as his opinion that the statute "was not intended to place liability upon the owner of a motor vehicle for the gross negligence or willful and wanton misconduct of the operator * * * where the guest was the guest of the operator and not of the owner."

At the outset attention should be directed to the title of the Act which related to the "Liability of an Owner or Operator of a Motor Vehicle to a Guest or Passenger Transported Without Payment Therefor," and in the body of the law "it is provided "That no person, transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle," etc.

The expressions "gross negligence" and "willful and wanton misconduct" as used in this particular statute have been held by the Court to be synonymous, O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817, so the points involved in the present controversy are not complicated by any distinction between these terms in the law.

'Long before the enactment of the Act it was settled law in this State that the owner of an automobile, a dangerous instrumentality, who entrusted it to another, was liable for injury caused to someone else by the negligence of the person to whom he had committed it.

Applying that rule to the instant case, then, the defendant would have been, but for the "guest statute," liable to the plaintiff for the ordinary negligence of the driver of the defendant's automobile which he was using with the owner's permission. Thus, the question to decide is whether it was the purpose of the Legislature in enacting Chapter 18033 to absolve the owner, in such circumstances, from any responsibility for the negligence of the driver of his car resulting in the injury of the driver's guest, or whether it was intended only that in such situation it would be necessary to recovery for the injured person to prove the higher degree of negligence. We are inclined to the latter view. It will be noted that both the title of the Act and the part of it we have quoted refer to the liability of persons in two capacities, and that the disjunctive "or" is employed. So, if the language in the body of the Act were transposed, it would simply read that no guest conveyed by the owner or operator should have a cause of action against the transporter, whether owner or operator, in case of accident unless the damage resulted from gross negligence, but this does not imply that if the operator is a person other than the owner the latter escapes liability. We do not find in the Act, bearing in mind the former decisions of this Court and of other courts which have been followed, that it was meant to change the existing rule that the owner would be liable to the guest of one to whom he had entrusted his car.

A comparison of the facts related in the case of Green v. Miller, 102 Fla. 767, 136 So. 532, decided prior to the adoption of the guest statute, and the facts alleged in the

declaration now under scrutiny reveals no material difference. The only distinction we see in the rule of law is that in the former case the owner was held responsible for ordinary negligence, while under the statute his liability does not attach unless the plaintiff can establish gross negligence or the equivalent, willful and wanton misconduct. It seems logical that if the owner, under the facts outlined in Green v. Miller, *supra,* was answerable for damage to a guest resulting from the ordinary negligence of the person using his automobile he would have been likewise responsible for negligence of the higher degree.

The sole purpose of the Legislature in passing the Act, as we construe the simple language which they used, was to prevent one who traveled with another in a car as a guest, or without compensation, from recovering unless it was proven that the driver of the car was guilty of the greater degree of negligence. Evidently, they were concerned with the propriety and fairness of the recovery by a free rider, whether invitee or "hitch hiker," for ordinary negligence of a driver and sought to confine the recovery of one who traveled without charge to damages caused by negligence that was gross or misconduct that was wanton. When the Act is considered as a whole the predominant feature is the degree of negligence and not the relationship between the driver and the owner. At the time of the passage of the law the decisions of the Court holding that the negligence of the driver could be imputed to the owner who would therefore be liable for ordinary negligence was well known, and it is our conviction that it was the intent of the legislative branch of the government to remedy such a situation which might result in injustice. It would have been quite simple for the Legislature to have stated plainly that the owner could not be held responsible for any injury caused

by the driver of his car to a guest of the latter, had that been intended.

It seems to us that if the title and the body of the Act are studied together, the emphasis should be placed on the degree of negligence to be shown to justify recovery, rather than on the capacity of the person who might at the time of an accident be in control of the vehicle. If it were meant, as the defendant in error urges, to relieve the owner when injury resulted from the negligence of one to whom he had entrusted the car, there would be hardly any need to use the expression "owner or operator." It could just as easily have been said that there could be no responsibility on the part of the owner for the injury caused a guest of one whom he had allowed to use his automobile. A close study of the statute and the decisions convinces us that the only change wrought by the statute in the rule announced by the Court was to require one who was transported free by the operator to prove a higher degree of negligence than was necessary before the passage of the Act.

We pass to the second question, namely, the sufficiency of the allegations to show gross negligence. They were in substance: That on the 4th day of July the driver of the car was proceeding along the highway on which a large number of automobiles were traveling, as he well knew, "and that while operating said automobile at a high rate of speed he attempted to pass an automobile also proceeding (in the same direction) while traffic proceeding (in the opposite direction) was approaching and when there was not sufficient time and space to pass said automobile, * * * whereupon, the automobile operated by (the driver) careened across said highway into and against a truck proceeding (in the opposite direction) which was at the time of the impact off and to the (opposite side) of said highway" and that the driver operated said automobile in a grossly neg-

ligent manner. Of course, the statement of the pleader that the manner of operation was grossly negligent is purely a conclusion, and it is for us to determine whether the other averments, if proven, would be sufficient to justify the jury in finding that there was in fact gross negligence on the part of the driver. It is argued that the date is significant because it is well known that there is heavy travel on the national holiday. Further, the plaintiff in error contends that it is sufficient to say that the speed was "at a high rate" and that these two elements combined with the statement that he attempted to pass a car when sufficient time and space were not available, and that he struck a truck on the opposite side of the highway, in themselves show gross negligence.

Although it is said in the Act that the question or issue of gross negligence and willful and wanton misconduct "shall in all cases be solely for the jury," we take it that it is within the province of the court to determine whether or not the facts alleged, if proven, would constitute gross negligence (City of Jacksonville v. Vaughn, 92 Fla. 339, 110 So. 529), and it is with this rule in mind that we examine the pleading to determine whether or not it should have withstood the attack made upon it by demurrer. It has been decided by this Court in Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399, that because of the difficulty of defining degrees of negligence, each case should be determined on the circumstances peculiar to it, and it is according to that test that we will judge the sufficiency of the allegations which we have analyzed.

We do not see fit to indulge the presumption that from the very date itself, a national holiday, there could be judicial knowledge that at the time and place where the collision occurred there was such unusual traffic as to supply evidence of the grossness of the driver's negligence.

The statement that the car was traveling at a high rate of speed seems to us to be little more than the use of a relative term. One rate of speed may well be reckless under some circumstances, while the same rate under other circumstances may not fall within that category. The averment that there was not sufficient time and space to pass the car in front proceeding in the same direction in order to avoid the one approaching is hardly more than the charge of an error in judgment, and the statement that the car careened across the road and struck a truck off the pavement simply indicates that when the automobile in which the plaintiff was driving swerved, it traversed the comparatively few feet to the opposite side of the pavement. Taking all of these allegations together, and construing them against the pleader, we think that they fall far short of establishing gross negligence, or wanton of willful misconduct, as distinguished from ordinary negligence.

We conclude that there was error in the entry of the judgment on the ground that the plaintiff could not recover even if gross negligence were shown, and that the circuit judge was correct in his ruling that the allegations of the declaration were not sufficient to establish such negligence.

It is therefore ordered that the judgment be reversed with leave to the plaintiff to apply to the court for permission to amend the declaration.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.