ANNA JUHASZ, Plaintiff in Error, v. A. I. BARTON, Defendant in Error.

1 So. (2nd) 476
En Banc
Opinion Filed March 25, 1941
Rehearing Denied April 24, 1941

222222222

*Evan Evans,* for Plaintiff in Error;

*Austin Miller,* for Defendant in Error.

BUFORD, J.—Writ of error is to review judgment on verdict rendered in favor of defendant in an action wherein the right of recovery comes within the purview of Chapter 18033, Acts of 1937, known as the guest statute.

Plaintiff poses two questions which we are asked to determine on the record here, viz.:

"1.  In the trial of a civil action does the attorney for the plaintiff have the right to make an opening statement to the jury?

"2.  Where the evidence overwhelmingly preponderates.

in favor of the plaintiff, and the verdict for the defendant is supported by the testimony of only one witness whose testimony is a self evident issue of fabrication, is it not the duty of the trial court to grant plaintiff's motion for new trial?"

The record shows that after the jury had been selected, empaneled and sworn, counsel for plaintiff started to address the jury to delineate the nature of plaintiff's case. The court interrupted counsel, saying, in effect that counsel might read the pleadings to the jury but that counsel would not be allowed to make what is generally known as an opening statement. Then the following occurred:

"Mr. Evans: I would like to move the Court for permission to make an opening statement.

"The Court: I can't do it, because that is not our custom, and we have reasons why we think it better that the pleadings should be read to the jury, as they make up the issue which they are to try. Of course, that does not mean you have to read every word, but read the pertinent parts.

"Mr. Evans: Your Honor, note my exception.

"The Court: Yes sir, but I am sorry to have to interrupt you, but that is the rule and I have never departed from it, and there are certain reasons why I think it is wise.

"Thereupon plaintiff's attorney read the declaration to the jury and thereafter defendant read to the jury the pleas."

There is much which might be said, pro and con, as to the efficacy of the practice of counsel making opening statements of the theory of the case from the standpoint of respective parties and outlining to the jury what each expects to prove. The exercise of such privilege may result in a clarifying of the issues so as to aid the jury in arriving at an intelligent and correct verdict, or it may result in confusing, misleading or prejudicing the jury so as to lead it away from the truth and into an unrighteous conclusion.

It may well be that an unscrupulous attorney (if there be such) or one who must choose between suffering the pangs of conscience because of an infraction of the canons of professional ethics, and suffering the pangs of hunger, the realization of his family being in want, and the hounding of creditors may yield to the temptation to overstep the bounds of propriety where one who by fortuitous circumstances is faced with no such problem may experience no such temptation.

Professor Crandall discusses the question here involved in Section 202, page 289, of his Florida Common Law Practice, the reading of which we commend.

We have neither general rule of court nor statute in this State touching opening statements, but the trend of decisions in this State and in other jurisdictions indicate that this is a matter which rests in the sound discretion of the trial court and the right to pursue such course must be determined upon a fair consideration of the circumstances of the case under consideration. See Allen v. Hooper, 126 Fla. 458, 171 Sou. 513; Lord v. Austin, Mo. App. 39 S. W. (2nd) 575; Denardi v. Palanca, 120 Cal. App. 371,. 8 Pac. (2d) 220; F. L. Dittmeier Real Estate Co. v. Southern Surety Co., Mo. Sup., 289 S. W. 877; Inter-Ocean Casualty Co. v. Wilkins, 96 Ind. App. 231, 182 N. E. 252; Puterbaugh's Common Law, Pleading & Practice, Chapter 39, Sec. 1137, page 1309. On the whole the trial court in this regard should be liberally exercised.

So it is that when the denial of the privilege of making an opening statement is the basis of an assignment of error the question to be determined is whether or not the trial court abused his sound judicial discretion in that regard to the prejudice of the complaining party.

The rule appears to be that, "'The opening statements should not go into great detail as to the facts in the case,

but merely state the general conclusions from these facts as they will develop at the trial. It should be the primary purpose of the opening statement to provide a pattern for the jury into which they may fit the facts as they unfold at the trial.' Schweitzer's Trial Manual for Negligence Actions, 569.

" 'The true office and function of an opening statement is, as we have seen, briefly to outline what the party expects to prove in support of his cause of action or defense.' An Automobile Accident Suit (Anderson), page 276."

In the instant case, as heretofore shown, counsel for plaintiff was allowed to read the declaration to the jury. The declaration in this case sets out in detail the alleged facts upon which plaintiff relied for recovery and, therefore, it portrayed the theory of plaintiff's case and gave the jury to understand the ultimate facts which the plaintiff proposed to prove. A properly limited opening statement could not have contained other matter. Argumentative and imaginative creations have no proper place in an opening statement.

In the instant case we find no abuse of discretion which would warrant a reversal of the judgment. Even admitting that the privilege of making an opening statement within proper limitations is one which should be liberally allowed by trial courts and that there may be cases in which the denial would constitute reversible error because of the paucity of allegations necessary to be contained in a good declaration in such a cause of action, we think that the application of the provisions of Sec. 2812 R. G. S., 4499 C. G. L., precludes our reversing the judgment now under consideration because of the action of the trial court in this regard, while in another case such action might constitute reversible error. For instance, in actions in ejectment, in unlawful detainer, in replevin and various other actions, the declaration is required simply to allege the ultimate fact

without any allegations as to how the plaintiff's right accrued, nor the pleas in such case required to set up facts on which the defense relies. Therefore, unless an opening statement is allowed in those cases, the jury must hear the evidence step by step before it has any information as to the facts upon which either plaintiff or defendant rely for a conclusion of the controversy.

We now come to the second question. The probative force of the evidence and the credibility of the testimony of the several witnesses were matters for the jury to determine under proper instructions by the court.

A careful perusal of the evidence in this case shows that the chauffeur in the operation of defendant's automobile was using ordinary skill, care and caution and was not driving at an excessive rate of speed; that the accident occurred between ten and eleven o'clock at night; and there is substantial evidence from which the jury could have reasonably concluded that the automobile with which defendant's automobile collided was being driven on the highway without lights and that defendant's chauffeur in attempting to pass another automobile traveling in the same direction in which he was traveling came into collision with the unlighted automobile.

In O'Reilly v. Sattler, 141 Fla. 770, 193 Sou. 817, we held:

"An assumption from evidence that automobile accident was caused by excessive speed or driver's misjudgment or momentary lapse would not bring it within statute requiring one riding as guest passenger in another's automobile when injured to show that accident was caused by gross negligence or willful or wanton misconduct of owner or his agent driving automobile in order to recover damages from owner. (Acts 1937, c. 18033, Sec. 1.)

In Jackson v. Edwards, 144 Fla. 187, 197 Sou. 833, we held:

" 'Gross negligence' appears when defendant's conduct shows a reckless disregard for human life, or that entire want of care which would raise the presumption of a conscious indifference to consequences, or shows such wanton and reckless indifference to the rights of others as may be equivalent to an intentional violation of such rights, and also appears even where there is no actual intention to inflict damage or injury."

In Koger v. Hollahan, 144 Fla. 778, 198 Sou. 685, we held:

"The expressions 'gross negligence' and 'willful and wanton misconduct' as used in automobile guest statute limiting liability of owner or operator of motor vehicle to injured guest to case where accident was caused by gross negligence or willful and wanton misconduct are synonymous. Acts 1937, c. 18033, Sec. 1."

"The purpose of the Legislature in passing the automobile guest statute was to prevent one who traveled with another in an automobile as a guest, or without compensation, from recovering unless it was proven that the driver of the automobile was guilty of gross negligence or willful and wanton misconduct."

In the case of Jackson v. Edwards, *supra*, this Court approved the rule in cases of this sort to be that, "to authorize the recovery of exemplary or punitive damages, the negligence complained of must be of 'a gross and flagrant character,' evincing reckless disregard to human life, or of the safety of persons exposed to its dangerous effects or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or

that reckless indifference to the rights of others' which is equivalent to an intentional violation of them."

We find from perusal of the entire record that no reversible error is shown. Therefore, the judgment is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.