Polly Kozak, and her husband, John Kozak v. Mittie Ake, and her husband, Forrest H. Ake; and John Kozak v. Mittie Ake and her husband, Forrest Ake.

(2 cases)

3 So. (2nd) 120

Special Division A

Opinion Filed June 17, 1941

*Horn & Ossinsky,* for Appellants.

*P. W. Harvey* and *Marks, Marks, Holt, Gray & Yates,* for Appellees.

ADAMS, Circuit Judge:—This represents a consolidation of two cases involving the same state of facts, and is from adverse judgments against the Plaintiffs in Error after trial of the causes in the Court below.

The record shows that the litigation arose out of an automobile accident at a time when Mrs. Kozak and Mrs. Helen H. Mazur were riding as guests in the automobile of Mrs. Ake, of which she was the driver. Mrs. Kozak was injured as was also Mrs. Mazur, and each, together with their husbands sought recovery of damages from Mrs. Ake and her husband therefor. The causes of action are predicated on the provisions of Chapter 18033, Laws of Florida, Acts of 1937, and commonly known as the "Automobile Guest Statute."

The pertinent portion of which, to this case, is as follows:

"Section 1—That no person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall 'have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought, provided that the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury.' "

It is, therefore, clear from even a casual reading of above quoted statute that the legislature fully intended to severely limit the right of an automobile guest to sue their host for damages in case of an accident, and that such action could only be successfully maintained when the operator or driver of the car in which the guest was riding, was guilty of the highest degree of negligence or misconduct, and even then recovery could not be had unless such negligence or misconduct was the proximate cause of an injury sustained. It is also clear that the Legislature fully intended for the jury in such cases to be the sole judges of the facts as to all such matters, and that it was the clear legislative intent that the verdict of a jury in such cases should not be disturbed unless, upon judicial review, it clearly appeared beyond question that any such verdict was contrary to law and against the manifest weight of the evidence. It

does not seem to be necessary to give citations as to the fundamental principle of statutory construction by the Courts, for a long and unbroken line of decisions of this Court lays down the rule that the intent of a statute is the law, and by that the Courts must be guided in the application thereof.

Therefore, in the light of the plain wording and intent of this statute can this Court say that the verdicts in these cases at bar are contrary to law and against the manifest weight of the testimony, when considered in connection with testimony regarding the alleged negligence as shown by the record. In substance the alleged negligence complained of, is, that while driving on an open, clear road with no oncoming or approaching vehicle in sight, the road being a good twenty feet wide, the driver of the car, Mrs. Ake, used her right hand to reach into the small compartment in the dashboard of the car for some articles and for some fruit for her guests, the meanwhile holding the steering wheel with her left hand, and that while so doing there was a loud report from under the car, a "bang" as the record shows, and the car swerved off the highway, and in an effort to get it back on the highway the car overturned and Mrs. Kozak was injured. The jury saw and heard the witnesses and decided that Mrs. Ake was not guilty of either gross negligence or wanton and wilful misconduct in the operation of the car. The jury found this verdict after hearing the testimony, the argument of able counsel for the parties, and a most comprehensive charge as to the law by the trial judge. Therefore, as this writer sees the situation, this Court cannot say that the verdicts were contrary to law, or against the manifest weight of the evidence, for in

512

the humble judgment of this writer the alleged conduct of Mrs. Ake in the operation of the car did not constitute either gross negligence nor wanton or wilful misconduct, and that being true, the plaintiffs could not properly recover damages under the statute.

After hearing oral argument by the able counsel for the parties, each of whom are regarded as first rank lawyers by their Brethren of the Profession, and after a further study of the record, it seems that the language used by this Court in the case of Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399, which was an action brought under the foregoing quoted statute, is fully applicable here, the language being as follows:

"Under the statute the jury by their verdict determined the probative force of the evidence, subject only to permissible judicial review, and it does not clearly appear that the verdict rendered is contrary to law or is against the manifest weight of the evidence, nor does it appear that any applicable rule of law was violated in the proceedings or in the judgment rendered."

It is, therefore, ordered that the judgments of the lower court in the above styled causes be, and the same are hereby affirmed.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.