[Civ. No. 13488. Second Dist., Div. Three. Sept. 30, 1942.]

LOUISE COBB, Appellant, v. FRANKLIN LAWRENCE, Respondent.

T. H. Canfield and A. D. Haines for Appellant.

Griffith & Thornburgh for Respondent.

WOOD (Parker), J.—Plaintiff appeals from a judgment of nonsuit "entered in the Minute Book" in an action for damages for personal injuries.

Plaintiff and defendant, sister and brother, were residents of Santa Barbara, California, and were motoring in Florida at the time of the accident here involved.

Plaintiff contends that the evidence was sufficient to establish a prima facie case and that the trial court erred in granting a motion for nonsuit.

Viewing the evidence most favorably to plaintiff, as the court is required to do in considering a motion for nonsuit, the record discloses the following: that plaintiff was a guest passenger in defendant's automobile on September 27, 1939,

with his consent and without remuneration; that the automobile was a 1929 Rolls-Royce sedan which weighed 6200 pounds empty and carried a load of 700 to 800 pounds, including the occupants; that the automobile was being operated by the defendant who was wearing smoked glasses; that it was a bright day and early in the afternoon; that there were few trees along the road and the highway was distinctly visible at all times; that they were proceeding from Miami Beach to Daytona Beach, on the Dixie Highway in Florida; that it was a two-lane highway with no dividing line in the center; that it was paved with coquina, a white substance which made it more difficult to detect holes in the pavement, and the shoulders on either side were of soft sand; that there were many small villages along the highway, but no houses within several hundred feet of the place of the accident; that they passed a sign about four feet in width by the side of the road, freshly painted with large red letters, which read, "Danger—Road Under Construction—Drive at Your Own Risk"; that they both observed the sign and defendant thereupon slowed his speed to twenty-five miles an hour and continued at this speed for a mile or more during which distance the parties saw no evidence of construction work or road equipment; that the road was level and the defendant increased his speed to approximately fifty miles an hour, to which plaintiff objected; that they passed at least two other warning signs, each of the same size and carrying substantially the same warning as the first; that each sign was observed by defendant, and plaintiff remonstrated with him repeatedly, stating that the signs were there for "some purpose" and insisted that defendant reduce his speed; that defendant told plaintiff she could look after her dog (which was in the car) and he would look after the driving; that plaintiff and defendant were not aware of having seen any construction work, equipment or men along the road at any time; that suddenly they were confronted with a group of "chuck holes" in the road and defendant "threw the car over" to avoid them, but a wheel went into one of the holes, threw the car onto the sandy shoulder and tossed plaintiff out of the car onto the ground, as a result of which she sustained a broken arm and injuries to her neck and teeth.

Appellant and respondent agree, the injury having occurred in Florida, that the law of that state governs as to the degree of negligence on the part of defendant, which

plaintiff was bound to establish to prove a prima facie case. (*Loranger* v. *Nadeau*, (1932) 215 Cal. 362 [10 P. (2d) 63, 84 A. L. R. 1264]; Code Civ. Proc., § 1875, subd. 3.)

Florida's automobile guest statute (Chapter 18033, § 1, Laws of Florida, Acts of 1937), read in part: "That no person, transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct was the proximate cause of the injury, . . . provided that the question or issue of negligence, gross negligence, and wilful or wanton misconduct, and the question of proximate cause . . . shall in all such cases be solely for the jury."

Appellant urges that under the "mandate" of this statute the issue of negligence was solely for the jury and the trial court was precluded from passing upon the sufficiency of the evidence in the first instance. The Florida cases seem to construe the statute as not depriving the courts of their power to weigh and pass upon the evidence (*O'Reilly* v. *Sattler*, (1940) 141 Fla. 770 [193 So. 817]; *Koger* v. *Hollahan*, (1940) 144 Fla. 779 [198 So. 685]); however, it is unnecessary to determine what interpretation is to be put upon the phrase "solely for the jury" as used in the Florida statute, since the law of the forum determines whether an issue of fact shall be tried by the court or by a jury. (Rest., Conflict of Laws, § 594.) Therefore, the law of California is controlling in this particular, and it is the rule in California that if the jury's verdict in favor of plaintiff would be set aside by the court as against the evidence, after viewing the evidence in the light most favorable to plaintiff and disregarding conflicting evidence, the court may grant a motion for a nonsuit.

The trial court had the power to grant the motion for nonsuit. The question is whether that power was exercised properly; that is, did plaintiff make a prima facie showing that defendant was guilty of "gross negligence" or "wilful and wanton misconduct"?

The construction that Florida has placed upon the terms "gross negligence" and "wilful and wanton misconduct,"

as employed in its statute, is not clear. The Supreme Court of that state has held that the terms "are synonymous" (*Juhasz* v. *Barton,* (1941) 146 Fla. 484 [1 So. (2d) 476]; *O'Reilly* v. *Sattler,* (1940) 141 Fla. 770 [193 So. 817]; *Koger* v. *Hollahan,* (1940) 144 Fla. 779 [198 So. 685]), and it has also held the contrary (*Jackson* v. *Edwards,* (1940) 144 Fla. 187 [197 So. 833]; *Winthrop* v. *Carinhas,* (1940) 142 Fla. 588 [195 So. 399]), but the cases agree that a mere showing of ordinary negligence is not sufficient to create liability under the statute. In *Jackson* v. *Edwards, supra,* which held the terms were not synonymous, the court said at page 192: "It thus appears that *gross negligence,* as defined in our previous decisions, is made to appear when the defendant's conduct shows a reckless disregard for human life, or that entire want of care which would raise the presumption of a conscious indifference to consequences, or shows such wanton and reckless indifference to the rights of others as may be equivalent to an intentional violation of them,— which is the character of negligence we have held to be necessary to justify the infliction of punitive damages." In *Winthrop* v. *Carinhas, supra,* it was stated at page 594, "There is no liability for damages under the statute if the degree of negligence is less than 'gross negligence,' which is greater degree of negligence than ordinary negligence or mere lack of the care ordinarily exercised by a prudent man." Gross negligence is a relative term which is to be understood as meaning "a greater want of care than is implied by the term ordinary negligence; but the circumstances of each particular case are to be taken into consideration, and what might merely be ordinary negligence under one set of circumstances or conditions might constitute gross negligence under other conditions or circumstances." (45 C. J., 669.) Gross negligence has been defined as the "entire absence of care" or "very great negligence." (45 C. J., 667, 668.) Certain it is that the common concept of gross negligence is an extreme degree of negligence. In the light of the foregoing, an examination of the evidence favorable to plaintiff, as set forth above, impels the conclusion that defendant was not guilty of gross negligence or wilful and wanton misconduct. The highway was open, it appeared level, there was no construction work, it was a bright day and the road was plainly visible at all times; the trial court may well have concluded as a matter of law that the speed of fifty miles an hour was not so excessive, under the circumstances, as to constitute evidence of

gross negligence. The ordinary prudent man may have exercised a greater degree of caution; however, defendant's failure to exercise that same degree of caution does not measure up to gross negligence.

■ Appellant further contends that under the Florida speed statute a prima facie case of reckless driving was established as to defendant, which constituted gross negligence as a matter of law. That statute (§ 1318, Laws of Fla., 1927) provided in part, ". . . a rate of speed in excess of forty-five miles per hour on any public highway . . . of motor driven vehicles weighing less than five thousand pounds shall be deemed prima facie evidence of reckless driving; . . . and a rate of speed in excess of thirty miles per hour on any public highway outside of the corporate limits of any city or town, of motor driven vehicles weighing more than five thousand pounds . . . shall be deemed a violation of this section; . . ." Consequently, according to the weight of defendant's automobile, and its location at the time of the accident, defendant was limited to a speed of thirty miles an hour.

In *Koger* v. *Hollahan, supra,* which involved an automobile accident, the court said at page 786, "The statement that the car was traveling at a high rate of speed seems to us to be little more than the use of a relative term. One rate of speed may well be reckless under some circumstances, while the same rate under other circumstances may not fall within that category. The averment that there was not sufficient time and space to pass the car in front proceeding in the same direction in order to avoid the one approaching is hardly more than the charge of an error in judgment. . . ." In *O'Reilly* v. *Sattler, supra,* it was stated, in referring to liability under the Florida automobile guest statute, at page 773, "We might assume that the accident was caused by excessive speed, misjudgment, or some momentary lapse of the driver but this would not bring it within the statute quoted." *Winthrop* v. *Carinhas, supra,* was an action for damages, under the Florida automobile guest statute, for injuries suffered as the result of an automobile accident, where the driver at about 9 p. m. mounted the incline of a well lighted bridge at a rate of about thirty to forty miles an hour; lighted signs reading "Slow" and "15 miles per hour" were in front of the driver, and the guest passenger called his attention to the high speed; there was also a red

light burning on top of the "safety island" (where ticket takers were stationed) into which he crashed, and the court said at page 595, "As against the verdict [for defendants], the evidence does not as a matter of law clearly show either 'gross negligence,' or 'wilful and wanton misconduct' of the driver of the motor vehicle, within the intendments of the controlling statute." It does not appear that the speed statute is considered in these cases in determining civil liability under the Florda automobile guest statute. However, assuming that the statute is applicable and defendant is guilty of reckless driving, the question of whether such recklessness amounts to gross negligence is one to be determined by the court. Reckless driving does not necessarily amount to gross negligence. *Jackson* v. *Edwards, supra,* declared at page 192, " '. . . to authorize the recovery of exemplary or punitive damages the negligence complained of must be of a "gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or which shows such wantonness or recklessness or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them." ' " (*Juhasz* v. *Barton, supra.*) In *Hollander* v. *Davis,* (1941) (Fla.) 120 F. (2d) 131, plaintiff appealed from a judgment dismissing the complaint, in which the allegations were that defendant was driving seventy miles an hour while approaching a curve; he attempted to pass other cars traveling in the same direction, usurping the way of oncoming cars and thereby causing the accident and injuries complained of. The Circuit Court of Appeals, in reversing the judgment, held that this set of circumstances may measure to gross negligence or wilful and wanton misconduct and presented a question to be heard on its merits. The case under consideration presented no such aggravated set of circumstances as the case just cited. The record, in the light of all of the circumstances, discloses that defendant's conduct amounted to ordinary negligence, a "failure to exercise that degree of care, precaution, and vigilance which an ordinarily prudent man would exercise. . . ." (*Hollander* v. *Davis, supra.*) It follows that plaintiff's contention that defendant was guilty of gross negligence as a matter of law in that he violated the speed laws of Florida should not be sustained.

The evidence most favorable to plaintiff and the inferences reasonably deducible therefrom sustain the court's ruling.

The judgment is affirmed.

Schauer, P. J., and Shinn, J., concurred.