A. C. WHARTON, JR., v. ANNETTE DAY, a single woman.

10 So. (2nd) 417                                      En Banc
November 13, 1942

Shelley & Mabry, Walter A. Shelley and Marks, Marks, Holt, Gray & Yates, and Harry T. Gray, for appellant.

Hull, Landis, Graham & French, for appellee.

PER CURIAM:

This is an appeal to review a judgment for the plaintiff below for injuries by her sustained in an automobile collision in Volusia County, Florida, on the Atlantic Boulevard or highway just south of the City of Ormond. Suit was brought and the action prosecuted under the provisions of Chapter 18033, Acts of 1937, Laws of Florida, commonly known as the Guest Statute. The plaintiff was a guest passenger in an automobile owned by the defendant but operated at the time of the collision by Miss Lillie Mae Brooks. The defendant, the owner, was on the front seat of the car at the time of the impact.

We have considered the several provisions of Chapter 18033, Acts of 1937, Laws of Florida, in numerous cases. See Cormier v. Williams, 148 Fla. 201, 4 So. (2d) 525; Juhasz v. Barton, 146 Fla. 484, 1 So. (2d) 476; Koger v. Hollahan, 144 Fla. 779, 198 So. 685; Kozak v. Ake, 147 Fla. 508, 3 So. (2d) 120; McMillan v. Nelson, 149 Fla. 334, 5 So. (2d) 867; O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817; Gittleman v. Dixon,

148 Fla. 583, 4 So. (2d) 859; Jackson v. Edwards, 144 Fla. 187, 197 So. 833; Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399.

The evidence discloses that the plaintiff, a registered nurse, on February 22, 1941, was employed at a salary of approximately $3,000.00 per year in the home of Mrs. W. N. Reynolds at 1018 North Atlantic Avenue, Daytona Beach. The plaintiff, Miss Miller, Miss Brooks, and Miss Burge accepted the invitation of A. C. Wharton, Jr., to go for a ride in the latter's car. Miss Brooks was at the wheel and the defendant sat beside her and the three other ladies sat on the rear seat. From the Reynolds home they traveled in a northerly direction through the City of Daytona Beach along Atlantic Avenue, which street extended north through the City of Ormond and is the main artery of travel between the two cities between the Atlantic Ocean and Halifax River. The defendant directed Miss Brooks to increase the speed of the car, which she did until the car reached a speed of 70 miles per hour, when the speed was reduced as the car approached a curve in the street with shrubbery on either side.

There is a conflict in the evidence as to the speed of the car when making the curve and which side of the center of the street it was on. The plaintiff testified that the car traveled at from 35 to 50 miles per hour and was on the left side of the center; that a car was traveling south and one north on the street and each could have been seen by Miss Brooks and the defendant. While some shrubbery could have obstructed their vision while approaching and traveling the curve, thereafter the street was straight, clear of obstructions, when the City of Ormond could be seen and the

car traveling north on the side of the street with the defendant and the car going south. The defendant's car was driven into the rear of the car traveling north. The impact threw plaintiff forward and her head struck the front seat of the car, broke her neck, caused concussion of the brain and loss of teeth, and she spent 37 days in a hospital and it appears that her injuries are permanent.

Four occupants of the car testified that the speed of the car was about 20 miles per hour at the time of the impact. They testified that the car with which they collided was parked on the street and that Miss Brooks attempted to drive around it and a car traveling south forced her to turn back into the lane of traffic when the collision occurred. The acts of the defendant and Miss Brooks while operating the car at defendant's direction relied upon to bring the case at bar within the provisions of Chapter 18033, *supra,* are viz: (1) driving the car 70 miles per hour on Atlantic Avenue where heavy traffic ordinarily exists; (2) the speed of the car around the curve; (3) driving the car on the left of the center while traveling the curve; (4) obstructions in the form of shrubbery on the curve; (5) a reckless disregard of the safety of the passengers when approaching from the rear the car in the same Lane going north; (6) failure to observe the car traveling south; (7) failure to apply the brakes when approaching the north bound car; (8) the speed of the car violated the provisions of Ordinance No. 585 of the City of Ormond in that it traveled at a speed of more than 20 miles per hour; (9) the speed of the car was in violation of Section 1318 C.G.L.

The occupants of the car, other than the plaintiff, testified and each contradicted the salient facts relied upon by the plaintiff to establish gross negligence. An officer reached the scene of the collision, and his testimony corroborated the plaintiff and contradicted much of the defendant's testimony. There is substantial testimony in the record to establish the material allegations of the declaration. The conclusions reached by the jury on the evidence for either the plaintiff or defendant could be sustained by substantial testimony appearing in the record.

It is contended that error was committed when the trial court defined or charged the jury that ordinary negligence is the failure to exercise that degree of care in given circumstances which a person of ordinary prudence would exercise under similar circumstances. This charge as given must be considered with other instructions on the same question and the trial court employed in this charge on gross negligence language viz:

"Gross negligence may be defined as the want or absence of, or failure to exercise, slight care or diligence, although it does not necessarily contemplate the total lack of any care whatsoever, being used, rather as an equivalent to 'great' or 'aggravated neglect'; to characterize carelessness substantially greater than in the case of ordinary negligence, which I just defined for you a moment ago."

It is emphasized by counsel for appellee that a definition of gross negligence could be better understood by the jury when considered in connection with a definition of simple or ordinary negligence. The point is made that counsel for appellant requested the trial court to define ordinary negligence in his charge and

he should not be heard on this contention. The reply brief of counsel for appellant fails to discuss this question and it is not clearly established by the record that the request was so made in the lower court. The entire charge of the court, or the entire portion of it bearing on a subject must be considered in determining whether the charge is free from error. See Tampa Shipbuilding, etc., Corp. v. Adams, 132 Fla. 419, 181 So. 403. Requested charges must be considered in the light of or in connection with all other charges given by the trial court. Carnley v. State, 143 Fla. 756, 197 So. 441. When passing upon a single instruction, such instruction must be considered in the light of all other instructions given bearing on the same subject. Greiper v. Coburn, 139 Fla. 293, 190 So. 902.

Chapter 18033 *supra* provides that the question of negligence, gross negligence and willful or wanton misconduct and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury. The trial Court, under the provisions of the Act, was required to submit the conflicts and disputes in the evidence to a jury.

We fail to find error in the record.

Affirmed.

WHITFIELD, BUFORD, CHAPMAN and ADAMS, JJ., concur.

TERRELL, J., agrees to conclusion.

BROWN, C. J., and THOMAS, J., dissent.