31 N.J. Super. 45 (1954)
105 A.2d 905
ETHEL SCHWARTZBERG COHEN, PLAINTIFF-APPELLANT,
v.
IDA PRESS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1954.
Decided May 21, 1954.
*47 Before Judges CLAPP, FREUND and SCHETTINO.
Mr. Leslie H. Cohen argued the cause for the plaintiff-appellant.
Mr. Joseph B. Sugrue argued the cause for the defendant-respondent (Mr. George D. McLaughlin, attorney).
The opinion of the court was delivered by FREUND, J.S.C. (temporarily assigned).
The plaintiff appeals from a judgment for the defendant entered upon a jury verdict of no cause of action. She was riding as a guest in the automobile of her sister, the defendant, and sustained injuries as the result of a collision between the defendant's car and a truck traveling in the opposite direction near the town of Clewiston, Florida. The truck owner and operator are not parties to this suit.
The complaint charged gross negligence or willful and wanton misconduct and was based upon the so-called "guest" statute of the State of Florida, which provides that no guest shall have a cause of action "unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury * * * provided that the question * * * shall in all such cases *48 be solely for the jury. * * *" Laws of Florida, 1937, chapter 18033, page 671, F.S.A. § 320.59.
The accident having occurred in Florida and the cause of action being based upon a statute of that state, the lex loci governed and it was incumbent upon the plaintiff to establish facts required by the statute. Friedman v. Greenberg, 110 N.J.L. 462, 87 A.L.R. 849 (E. & A. 1933); Curry v. D.L. & W.R.R. Co., 120 N.J.L. 512 (Sup. Ct. 1938); Shappell v. Apex Express, Inc., 131 N.J.L. 583 (E. & A. 1944); Ivins v. Public Service Interstate Transp. Co., 8 N.J. Super. 94 (App. Div. 1950).
The appellant argues four points: (1) error in refusal to charge a request; (2) and (3) error in the charge; and (4) that the verdict was contrary to the weight of the evidence.
The first point dealing with the refusal to charge and the second point respecting error in the charge are related, and can be treated together. The court fully charged respecting the duty of the defendant and the proof required to be established by the plaintiff, and no objection was made to the charge. In part, the court said:
"What she [the plaintiff] must establish is gross negligence on the part of the defendant and that that gross negligence was the proximate cause of the happening of the accident. I refer to gross negligence because this accident happened in the State of Florida and the parties are bound by the law of that state in their action or actions as related to each other, and that is the statute which was read to you. * * *"
The request which the court declined to charge read:
"I charge you that whether or not the truck driver was negligent and whether or not his negligence contributed to the accident is of no consequence and is not to be considered by you."
The essence of plaintiff's argument is that since the accident resulted from a collision between the defendant's automobile and a third party's truck, the refusal to charge and the charge above quoted were erroneous because "the jury in order to hold the respondent liable would have to *49 find that the respondent's negligence was `the' proximate cause, rather than one of the proximate or a concurring proximate cause. * * *" The appellant contends that she was entitled to recover if defendant's gross negligence was merely contributory to the negligence of the truck driver or was one of the concurring proximate causes; that the court should have so charged, and that the instruction as given was tantamount to requiring the jury to find that the defendant's conduct was the sole proximate cause. The contentions are without merit for several reasons. There was no request to charge on that point and no objection to the charge was made at the conclusion of the case as required by R.R. 4:52-1. Secondly, the pretrial order stated: "Suit is predicated on the alleged negligence of the defendant as the proximate cause of the injuries" and the case was tried on that theory. Jenkins v. Devine Foods, Inc., 3 N.J. 450 (1950).
The lex loci and not the lex fori governs, and therefore this is a matter to be determined by the Florida law. However, in view of the state of the record to which we have already adverted, we need not determine here whether under the Florida auto guest statute the defendant may be held liable, even though her negligence was not the sole negligence producing the injury. As to the Florida law, see Kozak v. Ake, 147 Fla. 508, 3 So.2d 120 (Sup. Ct. 1941); Mazur v. Ake, 147 Fla. 512, 3 So.2d 121 (Sup. Ct. 1941); O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817 (Sup. Ct. 1940); Cf. Robbins v. Thies, 117 N.J.L. 389 (E. & A. 1936); Vadurro v. Yellow Cab of Camden, 8 N.J. Super. 208 (App. Div. 1950).
But the cause of action in this case being based upon the Florida statute, recovery is precluded unless the accident is caused by the defendant's gross negligence or willful and wanton misconduct which is the proximate cause. The Florida courts in construing its statute have held that
"the legislature fully intended to severely limit the right of automobile guest to sue the host for damages in case of an accident, and that such action could only be successfully maintained when the operator or driver of the car in which the guest was riding, was guilty of *50 the highest degree of negligence or misconduct, and even then recovery could not be had unless such negligence or misconduct was the proximate cause of any injury sustained." Kozak v. Ake, supra.
It is next contended that the court erred by confining the jury's consideration only to defendant's gross negligence when he instructed them: "I don't think there is any evidence here of willful or wanton misconduct." The appellant concedes that the court's definition of gross negligence was correct, but argues that it erred in failing to define willful or wanton misconduct as compared to gross negligence. Again, we point out that there was neither request to charge on the point nor objection to the charge. In New Jersey there is a distinction between gross negligence and willful and wanton misconduct. Gross negligence does not necessarily imply willfulness, Siegel v. Saunders, 115 N.J.L. 539 (E. & A. 1935), and a distinction has been noted between them in some instances, Oliver v. Kantor, 122 N.J.L. 528 (Sup. Ct. 1939), affirmed 124 N.J.L. 131 (E. & A. 1939); Crothers v. Caroselli, 125 N.J.L. 403 (Sup. Ct. 1940), affirmed 126 N.J.L. 590 (E. & A. 1941).
However, the courts of Florida in the construction of the statute have determined that in the context in which these terms are used, they are synonymous. In O'Reilly v. Sattler, supra, the court said:
"Taken in their ordinary use, the words `gross negligence' and `wilful and wanton misconduct' are not synonymous, but in the statute under review, they are connected by the conjunctive `or' and impart a similar degree of negligence. We therefore hold that as here employed, they are synonymous, and we further hold that they must be supported by conclusive proof of gross negligence before a verdict will be permitted to stand. A mere showing of ordinary negligence is not sufficient." [141 Fla. 770, 193 So. 818]
The last point urged by the appellant is that the verdict of the jury was contrary to the weight of the evidence. We have carefully examined the record and find no merit in that contention.
Judgment affirmed.