PER CURIAM.
This is the first of three cases which were consolidated for trial and after judgment were separately appealed. The appeals have been consolidated and the same records and briefs are used in each case.
Alan Oppenheimer and Howard Levinson were riding in an automobile owned by the defendant, Ruth Levitt, and driven by her son, the defendant, Robert Levitt. The automobile ran into the rear of a heavy truck upon the highway. Alan Oppenheimer was injured and Howard Levinson was killed. The three actions were (1) by the father of Alan Oppenheimer as next friend and individually, (2) by the administrator of the estate of Howard Levin-son seeking damages under the survival statute,[1] (3) by the father of Howard Lev-inson seeking damages for the wrongful death of Howard Levinson.[2] In each case the plaintiff or plaintiffs received a jury verdict for damages and from the final judgment entered thereon the defendants appeal.
It is the contention of the defendants that the evidence presented before the jury was insufficient to establish a prima facie case of gross negligence.
A review of the record in the light of the briefs filed reveals sufficient evidence of a conscious disregard by the defendant driver of the safety of others to create a jury question on the issue of gross negligence. These cases are characterized by the strongly divergent views of the plaintiffs and the defendants as to the conclusions to be drawn from the evidence presented. We do not find that the view of the plaintiffs which may have been adopted by the jury is so unreasonable as to require us to classify it as mere conjecture. Actually each view is reasonable and the question was for the jury. See Wharton v. Day, 151 Fla. 772, 10 So.2d 417; Faircloth v. Hill, Fla.1956, 85 So.2d 870; Cadore v. Karp, Fla.1957, 91 So.2d 806.
Affirmed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.

. Section 45.11, Fla.Stat., F.S.A.

. Section 768.03, Fla.Stat., F.S.A.