PIERCE, Chief Judge
(dissenting).
In this case appellant Eunice A. Herrod (hereinafter Eunice) was plaintiff in a suit against appellee Elwin P. Schimmelfing (hereinafter Elwin), and she appeals from an order dismissing with prejudice her amended complaint on the ground that it was “insufficient as a matter of law to sustain a gross negligence action under the Guest Passenger Statute.”
On November 11, 1970, at about 6 o’clock p. m., according to her amended complaint, Eunice was a guest passenger in a 1965 Lincoln Continental automobile owned and being then operated by Elwin on Ninth Street North where it intersects with Murphy Avenue in St. Petersburg. At such time and place Elwin endeavored to make a left turn from a left turn lane on Ninth Street, which was a busy arterial highway, into Murphy Avenue but in so doing — •
“operated his automobile in a grossly negligent manner . . . (a) By failure to maintain a proper lookout for oncoming vehicles in plain view within northerly bound traffic on Ninth Street North, (b) By driving his automobile directly into the path of and colliding head-on into a 1970 Mercury, in violation of yielding to northerly bound traffic on Ninth Street North, (c) By driving when under the influence of alcoholic beverage to the extent his normal faculties were impaired.”
*460 It was further alleged that Elwin acted “with conscious indifference to consequences and willful disregard” for Eunice’s safety and that “as a direct and proximate result” Eunice “was seriously injured”.
Elwin moved to dismiss the amended complaint for failure to state “sufficient facts upon which an action by a guest passenger can properly be instituted against the host.” From the order granting the motion and dismissing the amended complaint Eunice brings this appeal and contends here that sufficient facts were alleged under the Guest Passenger statute to state a cause of action. I disagree and would affirm.
Mis judgment or even imprudence in the operation of an automobile, while it may well amount to ordinary negligence, cannot of itself sustain a charge of gross negligence which is requisite under the Guest Passenger statute. Also, allegations of mere conclusions cannot be tantamount to allegations of ultimate facts. “Failure to maintain a proper lookout for oncoming vehicles” is a conclusion of the pleader, not an allegation of ultimate facts.
The averments of the amended complaint, either considered independently or collectively, fail to measure, in my opinion, up to a showing of gross negligence necessary to state a cause of action. Something more is necessary under the adjudicated cases. See Glaab v. Caudill, Fla.App.1970, 236 So.2d 180; Rudolph v. Morgan, Fla.App.1969, 228 So.2d 121; Cocoris v. Smith, Fla.App.1969, 221 So.2d 13; Frank v. Lurie, Fla.App.1963, 157 So.2d 431; Parsons v. Reyes, Fla. 1970, 238 So.2d 561.
In Frank, this 2nd District Court attempted to delineate the area of gross negligence in the following language:
“Gross negligence within the meaning of the guest statute has been defined as that course of conduct which a reasonable and prudent person would know would probably and most likely result in injury to persons or property, while simple negligence is that course of conduct which a reasonable and prudent person would know might possibly result in injuries to persons or property. Carraway v. Revell, Fla., 116 So.2d 16, supra; Bridges v. Speer, Fla., 79 So.2d 679, supra; DeWald v. Quarnstrom, Fla.1952, 60 So.2d 919. Put in another way, gross negligence is that course of conduct where the likelihood of injury is known by the actor to be ‘imminent’ or ‘clear and present.’ Wilson v. Eagle, Fla.App. 1960, 120 So.2d 207, 208; Bridges v. Speer, supra. Gross negligence in this connection has also been defined as that degree of negligence which lies in the area between ordinary negligence and the wilful and wanton misconduct sufficient to support judgment for punitive damages or a conviction for manslaughter. Carraway v. Revell, supra; Reynolds v. Aument, Fla.App.1961, 133 So.2d 562.” (Italics in text).
In Parsons our Supreme Court said inter alia:
“The guest statute (Fla.Stat. § 320.59, F.S.A.) was enacted to prevent recovery by those who had no moral right to recompense, those carried for their own convenience, for their own business or pleasure, those invited by the operator as a mere generous gesture, or ‘hitchhikers’ who sought to make profit out of softhearted and unfortunate motorists.”
The “guest statute” or “guest passenger statute” was first enacted as Chapter 18033, General Laws of 1937, and during the thirty-plus years intervening has suffered no substantial alteration or modification, let alone repeal. It is carried in the current compilations as F.S. § 320.59, F.S.A.
But while the legislature has not seen fit to touch the subject matter, the Courts have erected a giant wall of definitions, explanations, elucidations, interpretations, commentaries, and encompassments around § 320.59. We agree with the 4th District Court, in Rudolph v. Morgan, Fla.App. *461 1969, 228 So.2d 121, in the observation that “this multitude of litigation bottoms its existence upon the difficulty of framing a definition of the statutory words ‘gross negligence’ that would cover all of the limitless sets of facts involved in automobile collision.” And it is a debatable question whether this proliferous welter of judicial output has served better to elucidate or to obscure. Probably the most authoritative definition and guide to the standard of negligence contemplated by the guest statute is that contained in the Supreme Court case of Carraway v. Revell Motor Company, Fla.1959, 116 So.2d 16, wherein the high State Court said:
“We think the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or ‘clear and present’ that negligence is gross, whereas other negligence would be simple negligence.”
Applying the rationale of the foregoing authorities, particularly Carraway, to the allegations of the amended complaint now before us for review, I am constrained to the conclusion that Eunice has not brought herself within the purview and applicability of the guest statute.
I am not unmindful that the same statute contains a proviso that “the question or issue of negligence, gross negligence, and willful or wanton misconduct shall in all such cases be solely for the jury”. But such proviso has been generally construed by the Florida Courts to be applicable only “in doubtful cases” or where the existence of the cause of action under the guest statute “is a close one on which honest men could differ”, and is in fact merely “surplusage”. Cormier v. Williams, 1941, 148 Fla. 201, 4 So.2d 525; Revell v. Carraway, supra; Martin v. Clum, Fla.App.1962, 142 So.2d 149; Lockridge v. Dial, Fla.App.1968, 208 So.2d 662; Koger v. Hollahan, 1940, 144 Fla. 787, 198 So. 685, 131 A.L.R. 886; Cobb v. Lawrence, 54 Cal.App.2d 630, 129 P.2d 462; Bell v. Gray, Fla.App.1969, 220 So.2d 446.
The judgment of dismissal, in my opinion, should be—
Affirmed.