495 So.2d 1240 (1986)
John Lee WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1830.
District Court of Appeal of Florida, Fifth District.
October 23, 1986.
*1241 James B. Gibson, Public Defender, Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant claims the trial court erred in denying his motion for a mistrial made when the state attorney, in opening statement to the jury, referred to the fact that the defendant had told a police officer that at the relevant time he was drinking with his sister and her boyfriend and that the defendant's mother had sworn that at the same time the defendant was asleep at home. The defendant argues that this reference prejudiced his right to a fair trial because it forced him to call his sister and her boyfriend as alibi witnesses and violated his due process rights by shifting the burden to him to prove his innocence. We disagree and affirm.
In his opening statement, a party is limited to a discussion of facts which he intends in good faith to substantiate by testimony or other evidence in his case-in-chief. Juhasz v. Barton, 146 Fla. 484, 1 So.2d 476 (1941); Spaziano v. State, 429 So.2d 1344 (Fla. 2d DCA 1983). Here, the evidence of defendant's false statements came in when counsel for defendant was cross examining one of the state's witnesses. If defendant had not brought this information out on cross examination, the state had the obligation to substantiate the assertion it had made in opening statement. Once counsel for defendant brought this fact out, however, the state was not required to offer further proof.
Evidence of a defendant's acts or statements calculated to defeat or avoid prosecution is admissible against him as showing consciousness of guilt. Douglas v. State, 89 So.2d 659 (Fla. 1956); Brown v. State, 391 So.2d 729 (Fla. 3d DCA 1980), and cases collected therein. The state was entitled to present evidence that the defendant had lied about his whereabouts at the time of the crimes in question because such false exculpatory statements are admissible in the state's case as substantive evidence tending to affirmatively show a consciousness of guilt on the part of the defendant. See 2 Wigmore, Evidence § 278 (Chadbourne Rev. 1979); 1 Wharton's Criminal Evidence § 218 (13th Ed. 1972).
In view of this admissible evidence, if the defendant felt he should call his sister and her boyfriend as alibi witnesses that was a decision for the defense to make. The defendant, not the state, caused himself this dilemma by making his statement to the police officer.
AFFIRMED.
UPCHURCH, C.J., and SHARP and COWART, JJ., concur.