A. R. CARVER v. MARGARET M. CHASE, *et vir,* and W. W. CHASE.

174 So. 408.
Opinion Filed May 21, 1937.

*W. C. Brooker, John J. Twomey* and *Sutton, Tillman & Reeves,* for Plaintiff in Error;

*Bryant & Trantham,* for Defendants in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the plaintiff wherein she claimed damages resulting from injuries received in an automobile accident.

The plaintiff, Mrs. Margaret M. Chase, her daughter and another lady were invited by Mr. A. R. Carver, defendant, and his wife, to go with them in Mr. Carver's automobile from Lakeland to Gainesville, Florida, and return. On the return trip as the party was entering the outskirts of the City of Leesburg after night-fall they reached a place near a filling station which stood near the highway on the right side as one goes South. Two trucks with large trailers loaded with citrus fruit were standing parallel to the highway and parallel to one another just north of the pavement constructed between the filling station and the highway. The truck nearest to the highway was only a few feet from it and the other truck just beyond that. The highway is a twenty-foot paved road. There is a curve in the road north of the highway around which the Carter car traveled approaching the filling station. As the Carver car was passing the two trucks another automobile driven by a man by the

name of Nichols approached the highway from the filling station and was entering the highway immediately in front of the Carver automobile when he came into Carver's range of vision. Nichols immediately stopped his car. Carver, being close upon the Nichols car, swerved his car to the left and applied his brakes, stopping his car within a distance equal to the length of the car. The right fender of the Carver car struck the bumper on the front of the Nichols car, breaking off the bumper of Nichols' car and damaging the fender of Carver's car. When Carver applied his brakes bringing his car to a quick stop Mrs. Chase was thrown forward and to the right, her body passing partly over the front seat and her left arm was broken between the shoulder and the elbow. Mrs. Chase's daughter and Mrs. Carver were thrown forward, but neither was hurt to any appreciable extent. Mrs. Durrance, who was on the back seat of the car with Mrs. Chase and Mrs. Chase's daughter, states that she was thrown backward instead of forward. The record shows that Carver was driving at a moderate rate of speed; that he had been driving along the open highway at about 50 miles per hour; that as he came around the curve and approached the filling station he saw the trucks on the roadside just off the pavement and slowed his speed. As stated before, just as he was passing the trucks the Nichols automobile was in the act of entering the highway immediately behind the trucks. Carver did the only thing that a reasonable, prudent man should have done under the circumstances. He turned to miss the truck, if possible, and at the same time applied his brakes to stop his car. The physical facts show that the Carver car, although not equipped with hydraulic brakes, was under such control that it was possible to stop within the short distance equal to the length of the car.

It is the contenion of appellees that Carver was driving at an excessive rate of speed, considering the surroundings and condition of the place where the accident occurred.

The allegation in the declaration is: "The defendant did so negligently and recklessly drive, in that he drove at a rate of speed in excess of that required by caution and care and at a rate of speed that violated the speed limit fixed by the said City of Leesburg and then in full force and effect; that it became necessary for him in an effort to avoid a collision with another automobile to apply his breaks with such force and suddenness as to throw the plaintiff who was riding in the rear seat violently against the front seat," etc., etc.

There is no material difference in these allegations as contained in the First, Second and Third counts.

The Fourth count was in behalf of the plaintiff, W. W. Chase. It adopted all the allegations of the Third count and alleged in addition thereto that he is the husband of Margaret M. Chase; that he has been denied the care, attention and companionship of his wife and has been required to spend large sums of money for hospital care, medical supplies, nurses' hire, ambulance service and doctor's service for and on behalf of his wife.

There was no effort to prove that the defendant was driving at a speed which violated any ordinance of the City of Leesburg. The owner of an automobile is not the insurer of the safety of invited guests who accept his invitation and ride with him. He does, however, owe them the duty of exercising all that degree of care which an ordinarily prudent person should exercise in the handling of a dangerous instrumentality such as a motor driven vehicle.

We are cognizant of the rule that in cases of this sort is a question for the jury to determine whether or not the de-

fendant was negligent in the driving of an automobile under the conditions which surrounded him at the time, and if so whether or not such negligence of the defendant contributed to the injury of the invited guest, if the guest was injured.

There was no evidence whatever that the accident occurred in the business portion of the City of Leesburg. Yet, the court instructed the jury as follows:

"The Court further charges you that it is provided by the statutes of the State of Florida, Section 1318, Compiled General Laws of Florida, 1927, as follows: '* * * that a rate of speed in excess of twenty-five miles per hour in the residence portion of any city, town or village, and a rate of speed in excess of fifteen miles per hour in the business portion of any city, town or village * * * of motor driven vehicles weighing less than five thousand pounds shall be deemed *prima facie* evidence of reckless driving;'

"If, therefore, you believe from the evidence in this case that at the time of the accident complained of the defendant, A. R. Carver, was driving an automobile weighing less than five thousand pounds, and that the place of the accident was within the corporate limits of the City of Leesburg, Florida, and was in the business portion of said city, and if the defendant at said time and place was traveling at a speed in excess of fifteen miles per hour then such shall be deemed by you as *prima facie* evidence of reckless driving. If, however, you find that at the time and place of the accident the defendant, A. R. Carver, was driving an automobile weighing less than five thousand pounds and in the residence portion of said City and within its corporate limits at a rate of speed in excess of twenty-five miles per hour, then such driving shall be deemed by you *prima facie* evidence of reckless driving. If you further find from the

evidence that the injury to the plaintiff complained of was a proximate result of the reckless driving of the defendant, A. R. Carver, and without any negligence on the part of the plaintiffs, your verdict must be for the plaintiffs."

· It is too well settled to require the citation of authorities that the principles of law embraced in instructions to juries must find basis for their application in the evidence. There was no basis for the application of the law limiting the speed of automobiles of less than five thousand pounds weight to fifteen miles per hour in the business portion of the City of Leesburg.

In fact, there is no evidence in the record to show that the accident occurred either in the business portion of the City of Leesburg or in the residence portion of said City. According to the record, the accident occurred within the corporate limits but in the outskirts, in a sparsely used part of the municipality where at intervals of some distance apart there were filling stations and packing houses and a few residences. It could not be called the residence portion of the City and neither could it be called the business portion of the City.

So, we think that the provisions of the statute referred to by the trial judge had no application. That part of the statutes which does apply reads as follows:

"No person shall operate a motor vehicle upon the public highway of this State recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger the property or the life or limb of any person."

· So the charge referred instructed the jury that a *prima facie* case be made against the defendant under conditions which would not result in law in making a *prima facie* case. Under the record, we seriously doubt that the jury would

have returned the verdict in favor of the plaintiff without this instruction having been given. As we read the record, it is not a case in which a jury has found in favor of a plaintiff on conflicting evidence, but a case in which the jury has returned the verdict for the plaintiff without any substantial evidence to warrant such verdict.

Therefore, though we have considered, we will not discuss the many other questions which are presented by plaintiff in error.

The judgment should be reversed and it is so ordered.

Reversed.

TERRELL and BROWN, J. J., concur.

ELLIS, C. J., concurs in the conclusion.

DAVIS, J., concurs in reversal as to charge, but not as to holding that evidence was insufficient under proper charge.

WHITFIELD, J., not participating.