ESTHER SCHWENCK, by her Guardian and Next Friend, LOUISE SCHWENCK, v. HARRY JACOBS, IDA JACOBS and SHIRLEY JACOBS by her Guardian, Harry Jacobs, and CHARLES G. HANNOCK.

35 So. (2nd) 123                  January Term, 1948
March 12, 1948                        En Banc
Rehearing denied May 7, 1948

*Ginsberg & Pilafian,* for appellant.

*McKay, Dixon, DeJarnette & Bradford,* for appellees.

BARNS, J.:

The plaintiff-appellant brought suit against Harry Jacobs, Ida Jacobs and Shirley Jacobs, by her guardian, Harry Jacobs, and Charles G. Hannock. A demurrer to the plaintiff's amended declaration was filed on behalf of all the Jacobses,

which was sustained, and final judgment rendered thereon, whereupon the appellant brought this appeal, wherein the ruling on the demurrer is assigned as error.

The first count of the second amended declaration states that Shirley Jacobs, the daughter of Ida Jacobs, while driving a motor vehicle owned by Ida Jacobs, with Esther Schwenck, a school child being driven to school, as a passenger, crashed into the rear of the motor vehicle in front of her and, as a proximate result thereof, the said Esther Schwenck was severely bruised, lacerated, etc.

The second count of said amended declaration is similar to the first, but is only as against the defendant, Charles G. Hannock, for alleged negligent stopping of his car.

The third count is somewhat similar to the first, but fails to allege any actionable negligence.

The fourth count is similar to the first and attempts to state a cause of action against the Jacobses and Charles G. Hannock; the allegations against Hannock are not ultimate facts, but only conclusions of the pleader.

The fifth count is similar to the first, as against the Jacobses.

In each of said counts it is alleged that the mother's automobile was being driven by Shirley Jacobs with her knowledge and consent and with the knowledge and consent of Harry Jacobs, Shirley's father and guardian.

There is no actionable negligence stated in any of the counts as against Harry Jacobs, so the trial judge's order as to him was without error.

Only the first, fourth and fifth counts appear to state a cause of action as against the owner-defendant, Ida Jacobs, and Shirley Jacobs, and the order and judgment as against them appear to have been in error.

The fashion and style by which Shirley is named as a defendant is as follows: "Shirley Jacobs, by her guardian, Harry Jacobs." This is somewhat anomalous, but more need not be said now.

The second and third counts fail to state any cause of action as against any of the Jacobses.

Section 320.59 F.S.A. was passed for the benefit of the operators of automobiles carrying guest passengers, but the proviso *"that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state"* was placed within the statute for the benefit of those named within the exception. According to the declaration, Esther Schwenck was of the class within the exception.

Affirmed in part and reversed in part and costs ordered taxed against appellant.

TERRELL, CHAPMAN, and ADAMS, JJ., concur.

THOMAS, C. J., and SEBRING, J., dissent.