44 So.2d 662 (1950)
SUMMERSETT
v.
LINKROUM et al. (two cases).
Supreme Court of Florida, Division A.
February 21, 1950.
Rehearing Denied March 10, 1950.
*663 J.P. Marchant, Joseph A. Perkins, Cushman, Woodard & Gotthardt, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellees.
ROBERTS, Justice.
The plaintiff-appellants filed separate suits in the court below to recover their respective damages for injuries sustained by the plaintiff Mary Summersett when she fell off the running board of a car owned by the defendant William H. Linkroum, Jr., and being operated by the defendant William H. Linkroum, Sr. The cases were tried together in the lower court and have been jointly reviewed on this appeal.
The declaration of the plaintiff Edward L. Summersett was couched in terms of simple negligence, as was the first count of the declaration of the plaintiff Mary Summersett. The latter declaration also alleged, in its second and third counts, gross negligence or wilful and wanton misconduct on the part of the defendant William H. Linkroum, Sr. At the close of plaintiffs' case, the defendants moved for a directed verdict against both plaintiffs, which was granted as to the plaintiff Edward L. Summersett, and as to the first count of the declaration of the plaintiff Mary Summersett. Final judgment was entered against Edward L. Summersett, and the case of Mary Summersett was submitted to the jury on the issues formed by the allegations of gross negligence or wilful and wanton misconduct of the defendant William H. Linkroum, Sr., and defendants' pleas thereto. The jury returned a verdict of not guilty, final judgment was entered against Mary Summersett, and appeal has been perfected here from the final judgment in each case.
The real point in controversy here is whether or not Mary Summersett is within the exception of our "guest statute," Section 320.59, Florida Statutes 1941, F.S.A., which exception provides that "nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state." If within such exception, the plaintiffs are relieved of the obligation of alleging and proving that the accident in which Mary received her injuries was caused by the gross negligence or wilful and wanton misconduct of the defendant William H. Linkroum, Sr., as required by Section 320.59, in order to recover from the defendants.
The plaintiffs alleged and proved that Mary Summersett was a school child of the age of six years at the time of the accident; that she and her brother Edward, aged eight, had just left the schoolhouse and had come out onto Farm Life Road en route to their home with Mr. Linkroum, Sr., who had picked up his grandson at the same school, stopped his car and asked them if they would like a ride home; that Mary and her brother wanted to ride inside the car, but that Mr. Linkroum, Sr., told them to ride on the running board  that it would be safe; that Mary and her brother stood on the running board on the right side of the car, and Mr. Linkroum, Sr., proceeded directly to the Summersett home; that when they reached their home, upon being advised by Mary and her brother that this was their home, the defendant applied the brakes suddenly and threw Mary off the running board onto the road, causing various injuries, the most serious being an injury to her foot, which was run over by the car.
The lower court held that the abovestated facts were not sufficient to show that Mary was "being transported to or from school within the exception of the guest statute."
In Schwenck v. Jacobs, 160 Fla. 352, 35 So.2d 123, 124, this court stated that "Section 320.59, F.S.A., was passed for the benefit of the operators of automobiles carrying guest passengers, but the proviso `that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state' was placed within the statute for the benefit of those named within the exception. According to the declaration, Esther Schwenck was of the class within the exception."
The declaration in the Schwenck case described the plaintiff Esther Schwenck as a *664 student who was being driven to school as a passenger in a motor vehicle owned by the defendant Ida Jacobs. In the light of this decision, there is no merit to the contention of appellees that the proviso in the guest statute relating to school children should be applied only to transportation to or from school in school busses; and we hold, under the authority of Schwenk v. Jacobs, supra, that school children who are being transported to or from school in a privately owned vehicle are accorded the benefits of the exception.
There remains, then, only the question of whether or not the fact that the plaintiff Mary Summersett was picked up by the defendant a short distance down the road from the schoolhouse, rather than at the door or immediately in front of the schoolhouse, is sufficient to deprive her of her privileged status as a school child "being transported to or from school." We hold that it is not.
Prior to the enactment of the guest statute, the automobile host owed his guests the duty of exercising all that degree of care which an ordinarily prudent person should exercise and was liable for ordinary negligence. Carver v. Chase, 128 Fla. 287, 174 So. 408; Depfer v. Walker, 123 Fla. 862, 125 Fla. 189, 169 So. 660; Nelson v. McMillan, 151 Fla. 847, 10 So.2d 565. This was the common law rule. The overwhelming weight of authority in this country is to the effect that, in the absence of statute, under the common law, a guest may recover for failure of the driver to use ordinary care. Since, therefore, Section 320.59 is a restriction on and in derogation of a common law right, such statute may be extended only so far as a strict construction of the language of the statute makes it imperative.
The proviso in the guest statute relating to school children amounts to a preservation to such children of their common law right to recover for the ordinary negligence of their automobile host in transporting them to and from school; and we do not feel constrained to hold that, by dropping the children off before they reach the school or by picking them up after they have left the school, the automobile host may evade his responsibility to exercise that degree of care which an ordinarily prudent person would exercise in the transportation of such children.
We hold, therefore, that the plaintiff Mary Summersett was entitled to the benefits of the exception to the guest statute, and that the lower court erred in directing a verdict and entering final judgment against the defendant Edward L. Summersett, and in directing a verdict against the plaintiff Mary Summersett on the first count of her declaration.
The final judgments appealed from are, accordingly, reversed and the causes remanded for new trial.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.