**LING et al. v. EDENFIELD.**

**No. 14547.**

United States Court of Appeals
Fifth Circuit.

March 31, 1954.

[redacted]

[redacted]

Paul R. Porter, Winter Haven, Fla., for appellants.

Edward B. Rood, T. Truett Ott, Wm. Reece Smith, Jr., and Mabry, Reaves, Carlton, Anderson, Fields & Ward, all of Tampa, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

STRUM, Circuit Judge.

This is an action by a guest, in which her husband joins, against the driver of an automobile, to recover damages for personal injuries due to the alleged gross negligence of the driver.

At the conclusion of the plaintiffs' evidence, the trial judge directed a verdict for the defendant because the facts

shown thereby would not support a finding of gross negligence or willful or wanton misconduct, which is essential under the Florida statute in actions of this character.[1] Judgment was thereupon entered for defendant, and plaintiffs appeal.

Viewed in its most favorable aspect, the following facts are reasonably deducible from the plaintiffs' evidence: At about 11:00 p. m. on December 18, 1948, defendant was driving an Oldsmobile sedan westerly along highway No. 92, about two miles west of Auburndale, Florida, en route from Winter Haven to Bellair Beach. Defendant's wife was seated in the center of the front seat, and plaintiff Alice Ling, a non-paying guest, was seated on the right. Defendant had been driving between 45 and 60 miles per hour, having increased his speed as the trip progressed. Both the defendant's wife and the plaintiff guest had remonstrated with the defendant and asked him to drive slower, but received only frivolous answers, with no reduction of speed.

Defendant's car suddenly overtook an unlighted motor scooter in the darkness, also travelling westerly along the highway, with two boys riding on it. When defendant's car was within 10 or 12 feet of the scooter, his wife shouted a warning that he was about to hit it. In an effort to avoid the scooter, defendant swerved his car to the left side of the highway, narrowly missed two cars headed in the opposite direction, lost control of his own car, and collided with a third car also headed east. Mrs. Ling, the guest, received serious injuries in the collision.

■■ The Supreme Court of Florida holds that "There is no liability for damages under the statute if the degree of negligence is less than 'gross negligence', which is greater degree of negligence than ordinary negligence or mere lack of the care ordinarily exercised by a prudent man." Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399, 401. As was said in O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817, 818, there must be "conclusive proof of gross negligence before a verdict will be permitted to stand."

■ Gross negligence, as used in this statute, means excessively reprehensible conduct, or such conduct as justifies an inference of consciousness that injury may probably result from the act done or omitted, and a reckless disregard of the consequences. Juhasz v. Barton, 146 Fla. 484, 1 So.2d 476; Jackson v. Edwards, 144 Fla. 187, 197 So. 833; Dexter v. Green, Fla., 55 So.2d 548. See also Cusack v. Longaker, 2 Cir., 95 F.2d 304.

■■ We agree with the conclusion reached by the trial judge that although this evidence might establish ordinary negligence, the facts shown do not constitute "gross negligence or willful and wanton misconduct," as will be demonstrated by a comparison of the facts in this case with those in the cases hereafter cited in which the Florida Supreme Court held that gross negligence was not shown. Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399; Orme v. Burr, 157 Fla. 378, 25 So.2d 870, 877; Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 688, 131 A.L.R. 886; O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817; McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867; Kozak v. Ake, 147 Fla. 508, 3 So.2d 120; Carver v. Chase, 128 Fla. 287, 174 So. 408; Ayers v. Morgan, Fla., 42 So.2d 2; Baker v. Hausman, Fla., 68 So.2d 572. Here, as in several of the above cited cases, the driver was confronted with a sudden emergency—the discovery of the unlighted scooter 10 to 12 feet ahead of him in the darkness—and probably used poor

---

1. "No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, * * *." Sec. 320.59, Fla.Stat.1951, F.S.A.

judgment in endeavoring to avoid it. His speed may have been too great, but the foregoing cases hold that excessive speed alone does not constitute gross negligence. His conduct may constitute ordinary negligence, but it does not amount to gross negligence as the Florida Supreme Court has defined that term under the Florida guest statute.

This case is distinguishable on the facts from Hollander v. Davis, 5 Cir., 120 F.2d 131, in which the driver, while driving at very high speed, voluntarily— and not to avoid an apparent emergency —crossed to the wrong side of the road and came into collision with oncoming cars.[2]

Appellants point, however, to the latter part of Sec. 320.59, which in effect provides that the issues of negligence, gross negligence, and willful or wanton misconduct, shall be solely for the jury. From this they contend that the action of the trial judge in directing a verdict was contrary to the statute and therefore erroneous.

But those matters being procedural, not substantive, are determined by the *lex fori*. Even in a diversity case, the question of the sufficiency of the evidence to establish gross negligence is determined by the federal courts by their own processes and according to their own rules. This power is not subject to modification or limitation by state statutes or constitutions. It is a power inherent in federal courts. Barrett v. Virginian R. Co., 250 U.S. 473, 476, 39 S.Ct. 540, 63 L.Ed. 1092, 1094; Herron v. Southern Pac. Co., 283 U.S. 91, 94, 51 S.Ct. 383, 75 L.Ed. 857, 860; New York Life Ins. Co. v. Sparkman, 5 Cir., 101 F. 2d 484.

The Florida Supreme Court also holds that the statute is not a bar to the exercise by the Florida state courts of their inherent judicial function to determine the sufficiency of the evidence to establish gross negligence. Cormier v. Williams, 148 Fla. 201, 4 So.2d 525; Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886.

Finding no reversible error, the judgment appealed from is

Affirmed.

---

**2.** Other examples of gross negligence will be found in Motes v. Crosby, Fla., 65 So.2d 478; Brown v. Roach, Fla., 67 So.2d 201; Weiss v. Kamen, Fla., 67 So.2d 761; Dexter v. Green, Fla., 55 So. 2d 548; Sea Crest Corp. v. Burley, Fla., 38 So.2d 434; Nelson v. McMillan, 151 Fla. 847, 10 So.2d 565; and Shams v. Saportas, 152 Fla. 48, 10 So.2d 715.