BARNS, PAUL D., Associate Judge.
Appellant Arthur Croxton was a passenger in an automobile being operated by Michael Skoglund driven by him with the consent of the owner Olle Skoglund; plaintiff claims injury by reason of a collision between the Skoglund car and a car driven by the defendant David Garvis; Croxton sues the defendants Garvis, and the operator and owner of the car in which he was a passenger, to wit, Michael Skoglund and Olle Skoglund, for the negligent operation of each car.
The defendants Michael Skoglund and Olle Skoglund moved for a summary judgment against the plaintiffs upon the pleadings, depositions and answers to the interrogatories in the court file; this motion was granted and the action against the Skog-lunds was dismissed; whereupon the plaintiffs appeal. We fail to find error and affirm.
The complaint alleges only ordinary negligence and fails to allege gross negligence in operation of the Skoglund car, hence the application of the “Guest Statute” is involved; viz., Section 320.59 F.S.A. (1958). This statute provides that “No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury * * * unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle * * * provided that nothing in this section shall apply to school children or other students being transported to or from schools * * (Italics supplied).
Arthur (Art) A. Croxton and Michael (Mike) Skoglund were both minors and attended the same school; there was an arrangement between them that Art would pay Mike a dollar per week for Art riding to school and returning to his home in Mike’s car; Art’s home was one and one-half blocks off of Mike’s route to school; Mike would normally pick Art up at Art’s home and return him there after school.
On the day of the accident Art left the school with Mike in Mike’s car to return; instead of Art returning to his own home he went home with Mike where Mike changed cars because of low gas in the car he drove from school; their plans were then to go to Jerry’s drive-in for no particular reason but “just to go” or to “get something to eat.”
When at Mike’s home Mike got money to get a hair cut and some trousers to take to the tailor for alteration; from Jerry’s they then went to deliver the trousers to the tailor and then to Burdine’s to pick up some trousers for Mike; after leaving Bur-dine’s Mike was en route to get his hair cut when the accident occurred. Knowing of Mike’s afternoon plans Art elected to go with Mike instead of going to his home.
*26 Under the foregoing facts, which are without conflict, it appears clear that there had been a definite departure from the transportation to and from school mission by Mike and Art and that Art was the guest of Mike without any compensation due from Art, since Mike was on a mission of his own interest and Art’s only interest was that of companionship. Their afternoon travel after leaving Mike’s home was not a mere deviation from route from school to home for which some compensation was paid; it was an entirely new venture and Art was the non-paying guest of Mike, his host, and Section 320.59 F.S.A. clearly applies.
It is our conclusion that the lower court did not err in entering a summary judgment of dismissal for Michael and Olle Skoglund as authorized by Rule 1.36, Florida Rules of Civil Procedure, 30 F.S.A.
Affirmed.
ALLEN, A. C. J., and SMITH, J., concur.