CARROLL, Judge.
This is an automobile accident case which involves the Florida guest-passenger statute, § 320.59 Fla.Stat, F.S.A.
A minor plaintiff sought damages for personal injuries allegedly caused by negligence of the defendant driver of an automobile in which he was a passenger. He was 19 years of age and a student at Miami-Dade Junior College. The accident occurred while he was being driven home from that “place of learning” after having attended class there.
The statute, which conditions recovery by a guest passenger from his host driver or car owner upon showing his loss or injury was proximately caused by “gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle,” contains the following exception: “ * * * provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.”
In this action by the injured minor passenger, brought through his parent against the host driver and owner of the vehicle, the trial judge granted summary judgment in favor of the defendants for want of a showing of gross negligence, holding the exception in a guest-passenger statute was not applicable. The plaintiffs appealed.
The determinative question is whether the exception quoted above applies to a college student.[1] We are impelled to disagree with the interpretation given to the statute by the able trial judge. The language of the statutory exception shows no' uncertainty or ambiguity. A minor student of a junior college being driven home therefrom after having attended classes clearly comes within the language used in the exception of “school children or other students being transported to or from schools or places of learning.” That the minor plaintiff was a student is not a matter open to dispute. One who is taking a course of instruction in an institution of learning is entitled to be classed as a student; and a state supported junior college is, of course, a “place of learning.” Nor is there a contention in this case that the plaintiff was not being transported from the college after having been there that day in connection with scholastic work.
On behalf of the appellees it is contended the exception is applicable only to school children of tender years, and may not be applied to older school children, or to students of colleges. That argument finds no support in the wording of the statute, which furnishes no basis for so concluding. Nor does the fact that the exception has been given application in certain *552 instances where young children were involved (Schwenck v. Jacobs, 160 Fla. 352, 35 So. 2d 123; Summersett v. Linkroum, Fla.1950, 44 So.2d 662) supply reason to assume the exception would not be applied to one who, though not so young a child, is within its terms. The need for strict construction, and the duty not to extend or enlarge the exception to cover a multitude of situations for which it was not intended (cf. Farrey v. Bettendorf, Fla.1957, 96 So.2d 889, 893), arc no reason to deny use of the exception to persons entitled to its benefit.
In Farrey v. Bettendorf, supra, the Supreme Court affirmed a ruling of the trial court that the exception in the statute was not applicable to a student being transported from school who had gone there to attend and view a basketball game. In discussing the scope of the exception in that case the Supreme Court, speaking through Mr. Justice Drew, said:
“ * * * We do not believe, however, the Legislature intended to extend the proviso to the extent of allowing recovery upon such degree of proof to any of the described class except those children or students being transported to or from regular school sessions conducted by such schools or places of learning. * * * ”
That statement by the Supreme Court, which serves to explain that the exception was not intended to apply to transportation of children or students from school who were not there for scholastic purposes but for non-class or extra curricular activities, serves equally to show the exception does apply to transportation (to or from regular school sessions), of “students” as well as school children, and from “places of learning” (colleges) as well as from schools or high schools; and this is borne out by the wording of the statute. For example, the statutory exception is not restricted to school children but includes “other students.” The use of the disjunctive “or” and of the word “other” shows intent to regard such “other students” as separate and different from school children and to include them. Similarly, by referring to transportation to or from schools or places of learning, it is evident the legislature intended to include those institutions of learning, such as colleges, universities and the like, which are distinguished in the popular mind from the elementary and high “schools” which “children” attend.
Accordingly, for the reasons stated the summary judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.

. We need not now consider whether the exception would apply to a “student” of a “place of learning” who was over 21 years of age, as the plaintiff in the instant case was a minor at the time of the accident.