MELVIN, WOODROW M., Associate Judge.
The parties will be referred to as they appeared before the trial Court.
Plaintiffs have perfected their appeal from a summary final judgment entered in favor of the defendant.
James D. Moore, a minor, was a guest passenger in the automobile of the defendant, Margaret G. Schortinghouse. He was injured when the automobile overturned under circumstances not involving gross negligence or willful and wanton misconduct of the defendant driver.
Plaintiff James D. Moore contends that the facts of the case bring him within the provisions of the guest statute, Section 320.59, Florida Statutes, 1965, F.S.A., wherein it is written:
“provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.”
All passengers in the Schortinghouse automobile were enroute from Miami, Florida, to a Church camp meeting, which is conducted annually near Lake City, Florida. It appears that the program for the week in question consisted of a morning prayer service, singing, opportunity to give testimony, and preaching.
In Farrey v. Bettendorf, Fla.1957, 96 So.2d 889, text 893, the Supreme Court of Florida held that the quoted proviso, supra, is limited to “those children or students being transported to or from regular school sessions conducted by such schools or places of learning.” See also Nordone v. Richardson, Fla.App.1964, 168 So.2d 550.
Under the facts of this case, the Church camp meeting does not come within the quoted proviso of said section.
The summary final judgment is affirmed.