**FINK, et al v. BASSING.**
No. L-66-985.
Circuit Court, Broward County.
January 18, 1967.

Burton E. Burdick of Moore, Burdick, Donahoe & Fogan, Fort Lauderdale, for plaintiffs.

J. Victor Africano, Jr., Hallandale, for defendant.

JOSE A. GONZALEZ, Jr., Circuit Judge.

This cause came on for non-jury trial before the court upon the plaintiffs' complaint, the defendant's answer and pursuant to the stipulations contained in the pre-trial order previously entered in this cause.

The controlling facts are not in any material dispute and disclose the following —

On May 11, 1965, the five-year-old minor plaintiff, Linda Fink, was riding as a passenger in the rear seat of the defendant's Ford station wagon which was owned and driven by the defendant. In the back seat with the minor plaintiff were the defendant's child and two other children all of whom were then on their way to defendant's home for the purpose of receiving dancing lessons.

At the intersection of Southwest Ninth Avenue and Southwest Third Street in Hallandale, defendant's vehicle was involved in a collision with another automobile driven by a Mrs. Charlotte Toskar.

The intersection is located in a residential neighborhood and was unmarked at the time of the accident.

As a result of the collision, the minor plaintiff was thrown from defendant's vehicle on to the pavement and suffered multiple lacerations and abrasions of her face and body as well as a severe laceration of the posterior thigh which required suturing, subsequent corrective surgery and has left this attractive five-year-old girl with a very large but not repulsive scar on her leg.

Without detailing all of the facts and circumstances of the accident, suffice it to say that the court finds that the defendant herein was guilty of simple negligence in the operation of her motor vehicle, which negligence proximately contributed to plaintiff's injuries.

Defendant admits, for example, that she failed to look to her left before entering the intersection and that she did not see the other vehicle until just "a moment" before impact although there was nothing to block her view. Further, there is other evidence from which an inference of excessive speed on defendant's part may be drawn.

The ultimate question of law presented for this court's determination is at once apparent — namely, do the provisions of §320.59, Florida Statutes, the Florida Automobile Guest Statute, apply to this minor plaintiff so as to bar her recovery?

In order to dispose of this question we must examine the facts surrounding the parties at the time of the accident and their relationship at that time.

Defendant is a professional dance instructor and has followed this vocation for some 12 years at various places.

In December, 1964, defendant contracted with Linda's parents to give Linda ballet instruction on a regular basis. The terms of the agreement were that defendant would be compensated at the rate of a dollar an hour for each hour of instruction actually given.

The instruction was given to groups at defendant's home and there were some five or six children in Linda's class.

Linda's mother usually drove her to her ballet class and then picked her up at defendant's home following the lesson. On several occasions between December, 1964 and the date of the accident, however, defendant, who was and is friendly with

plaintiff's parents, would call for Linda at her home and drive her to the lesson in defendant's car.

Defendant received no extra compensation for this service but did it gratuitously as a favor to Linda's mother. The only payment defendant ever received was the agreed on $1 per hour of instruction.

On the date of the accident, Linda's parent drove her to defendant's home for her ballet lesson but found defendant was out. They thereupon drove to their home. Shortly thereafter defendant called at plaintiff's home, picked up Linda and was driving plaintiff as well as two other children to her home for their ballet lesson when the accident occurred.

The court finds that the provisions of §320.59, Florida Statutes, do not bar plaintiff's recovery for that Linda falls within the statutory exception to the Guest Statute in that she was a student being transported to a school or place of learning in this state when the accident occurred. See Weiss v. Ballagh, Fla.App.1964, 169 So.2d 530; Nordone v. Richardson, Fla.App.1964, 168 So.2d 550; but see Farrey v. Bettendorf, Fla.1957, 96 So.2d 889; Moore v. Schortinghouse, Fla.App.1966, 189 So.2d 377.

In Farrey v. Bettendorf, supra, the court in applying the statute held that a high school student on his way to a regularly scheduled high school basketball game was not a student being transported to a school or place of learning. In Moore v. Schortinghouse, supra, it was likewise held that the Guest Statute applied to a minor on his way to an annual church camp meeting.

These cases are not controlling or dispositive of the issue here.

In neither *Farrey* nor *Moore* does it appear that the primary object of the journey was the transportation of a minor to a particular place for the special and limited purpose of affording him specific training or instruction in a definite and recognized area of the arts or sciences as part of a regularly scheduled and organized program of specialized education.

Without playing with semantics, it appears to this court, at least, that a minor child being driven in Florida to a regularly scheduled ballet lesson where he receives instruction in the art of the dance is as clearly a "student being transported to . . . a place of learning in this state" as is a college student on his way to or from a college or junior college. See Nordone v. Richardson, supra; Weiss v. Ballagh, supra.

A dancing school where a regular program of dance instruction is offered is certainly as much a place of learning as is a university for those who are students of dancing.

We do not believe it was the legislative intent to apply the Guest Statute to students being transported for a recognized educational purpose regardless of whether or not such purpose was part of an overall complete scholastic program.

Additionally, the court further finds that the provisions of the Guest Statute do not apply to Linda because her carriage contributed to and tended toward the promotion of the mutual interests of both herself and the driver and operated for their common benefit; and further was primarily for the attainment of an objective or business purpose of the defendant operator. Brown v. Killinger, Fla.App.1962, 146 So.2d 124; Tillman v. McLeod, Fla.App.1960, 124 So.2d 135, and citations therein; and when the benefit to the driver is of a real and tangible nature rather than a remote, vague or incidental benefit, the Guest Statute does not apply. Travis v. Blackmon, Fla.App.1963, 155 So.2d 698. The fact that the driver acted gratuitously is not determinative of the question, and it is the relationship of passenger and operator rather than payment which controls. Brown v. Killinger, supra.

The court further finds that pursuant to §54.28, Florida Statutes, the defendant is entitled to set-off the sum of $2,000 against any damages recovered herein by the plaintiff, John B. Fink, as father, next friend, and natural guardian of Linda Fink, a minor, and the sum of $1,750 against any damages recovered herein by the plaintiff, John B. Fink, individually.

All of the foregoing considered, it is ordered and adjudged —

That judgment be and the same is hereby entered in behalf of the plaintiff, John B. Fink, father, next friend and natural guardian of Linda Fink, a minor, and he shall have and recover of and from the defendant, Judith Bassing, the sum of $250, for which sum let execution issue.

That judgment be and the same is hereby entered in behalf of the plaintiff, John B. Fink, individually, and he shall have and recover of and from the defendant, Judith Bassing, the sum of $5, for which sum let execution issue.

That costs herein will be taxed in behalf of the plaintiff and against the defendant upon appropriate application.