WIGGINTON, Acting Chief Judge.
In each of the above-entitled causes which have been consolidated for the purpose of appeal, plaintiffs have appealed a summary final judgment rendered by the trial court in favor of defendant, C. O. Tucker. The appeal questions the propriety of the summary judgment under the facts disclosed by the record.
In each case the complaint alleges and the file reveals that the minor plaintiffs, each age fifteen years, were students enrolled in Paxon Senior High School in Jacksonville. Although they normally rode to and from school on the county school bus, on the day in question they were transported to school in the morning by the mother of plaintiff Gordon Altman. Their scholastic schedule called for their attendance upon six successive classes, with the day’s session ending at approximately three-thirty o’clock in the afternoon. Each of the minor plaintiffs decided to voluntarily absent himself from their fifth period class without permission from or consultation with any of the school authorities. At two o’clock in the afternoon when the fifth period was scheduled to commence, the plaintiffs entered a motor vehicle owned by defendant, C. O. Tucker, but in the control of and being operated by a young friend of theirs, Chelsea Tucker. Chelsea was not a student at plaintiffs’ school, but happened to be on the school grounds at the time. Tucker drove the vehicle away from the school grounds to the home of other friends located approximately five miles away. While on this excursion the three boys visited with their other friends, purchased and drank some beverages, and then proceeded back toward school. While returning to school the vehicle in which plaintiffs were riding and being operated by young Tucker collided with a truck owned by defendant, Majestic Wood Products, Inc., severely injuring plaintiffs and causing the damages for which they now seek a money judgment.
The complaint filed in each case alleges only simple negligence against both defendants, C. O. Tucker as owner of the vehicle in which plaintiffs were riding as guest passengers, and Majestic Wood Products, Inc. as the owner of the truck involved in the collision. Based upon the pleadings and the undisputed facts recounted above, the trial court rendered summary judgment in favor of defendant Tucker. It is that judgment which is the subject of this appeal.
Appellants contend that even though they were guest passengers in Tucker’s vehicle at the time of the accident, they are not required as a prerequisite to recovery to allege and prove gross negligence in the operation of the vehicle as required by the guest passenger statute because of the provision therein which exempts from its operation school children or other students while being transported to or from schools or places of learning.[1]
*595 It is appéllants’ position that the undisputed facts reveal that they are students or school children within the proviso of the guest statute, and as such were in the process of being transported to their school at the time the vehicle in which they were riding was so negligently operated as to collide with the truck owned by Majestic Wood Products, Inc., and that because of these facts, they are required only to allege and prove simple negligence on the part of the driver of their vehicle in order to establish liability against the owner. With this contention we cannot agree.
Although both appellants were students or school children attending a school or place of learning on the day they were injured, they were not being transported to or from their school at the time they were injured while riding as guest passengers in the Tucker vehicle. They had been safely transported to school on the morning of the accident by the mother of one of the children. They were not scheduled to return to their home until the end of the day’s session at three-thirty o’clock in the afternoon, at which time it was their intention to ride home on the county school bus as was their custom. The unauthorized excursion they made from school by cutting one of their regular classes without authority and for purposes of pleasure and companionship unrelated to their regular school work does not constitute transportation to or from school within the meaning and intent of the proviso contained in the guest statute hereinabove quoted.
In Farrey v. Bettendorf[2] the Supreme Court, in placing its interpretation upon the proviso for school children contained in the guest passenger statute, said:
“ * * * The common man would comprehend the limitation as being confined to those instances where, as occurs daily throughout the land, children and other students are transported to a school session in their respective schools, or places of learning in the morning and' returned later in the day from such school sessions to their respective abodes. Obviously it was not the purpose of the lawmakers to extend the proviso to extra-curricular functions such as basketball and football games, school parties, plays and an unknown and unlimited number of similar activities.”
In the later case of Croxton v. Skog-lund [3] the Second District Court of Appeal held that the proviso in the guest passenger statute relating to students and school children while being transported to and from school did not apply to a student who was injured after school hours while engaged in a venture for pleasure and companionship and off the route he would normally have travelled in returning home at the end of the school session.
For the foregoing reasons we conclude that on the facts shown by this record the trial judge correctly applied the controlling principles of law applicable to this case in granting summary judgment in favor of ap-pellee Tucker. The judgment in each case appealed herein is accordingly affirmed.
JOHNSON and SPECTOR, JJ., concur.

. “Liability to guest or passenger
No person transported by tbe owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or *595 operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence of •willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall int all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.”
F.S. § 320.59, F.S.A.

. Farrey v. Bettendorf, (Fla.1957) 96 So. 2d 889, 893.

. Croxton v. Skoglund, (Fla.App.1963) 151 So.2d 24, 26.