SPECTOR, Chief Judge.
Appellant seeks reversal of a final judgment awarding damages to appellees, Dennis Bogert, a minor, and Frank J. Bogert, his father, sustained as a result of an automobile collision.
Appellant Paul Charles Honour and ap-pellee Dennis Bogert were students at Sea-breeze Senior High School in Daytona Beach, Florida. Dennis had a job after school as a construction worker with a concern owned by a friend of his father. On the morning of the day in question, *691 Dennis drove his employer’s car to a service station where some work was to be done on it. The service station owner drove Dennis to school from there and he attended classes all day. At school, Dennis asked Paul Honour for a ride to the station to pick up the car, intending thereafter to proceed to the construction site where he was working. Paul agreed and after school Dennis, Paul and two other boys left the school in Pauls’ car. They proceeded in a southerly direction (Dennis lived in the opposite direction or north of the school) toward the service station and the two other boys were dropped off at their homes on the way. While continuing on toward the service station with only Dennis and Paul in the car, the collision occurred.
The sole question presented by this appeal is whether Dennis came within the student exception to the guest statute, Section 320.59, Florida Statutes, F.S.A., since he was on his way to work from school rather than home when the collision occurred. The trial court decided the question affirmatively, and we agree.
The statute in question abrogates the common law rule that an automobile host driver owes to his guests the duty of exercising ordinary care. Nelson v. McMillan, 151 Fla. 847, 10 So.2d 565. By its terms, the statute provides that a guest or passenger shall have no cause of action against the host operator or owner unless the accident shall have been caused by the latter’s gross negligence or willful and wanton misconduct. The statute includes a provision in favor of school children and students which reads as follows:
“ . . . provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.”
Appellant contends that under the facts of this case, the injured guest does not come within the exception made because he was not being transported to school from his home or from school to his home when the accident occurred. Such a restrictive application of the exception would require the court to add language to the statutory provision that the legislature itself did not supply. It was obviously the intention of the legislature to except school children and students from the higher standards for recovery imposed by the guest statute when such beneficiaries are going to or coming from school. It does not necessarily follow from the language employed by the legislature that a student must be going to school from home nor from school to home. To so hold would exclude from the benefits of the statutory exception such students who by reason of their industry, ambition or necessity maintain part-time jobs before or after school. Such interpretation is neither required by the statutory language nor suggested by logic or reason.
In Summersett v. Linkroum, 44 So.2d 662, our Supreme Court held that a child who had left school in the afternoon and was walking home when a neighbor stopped and gave her a ride for the remainder of the way home came within the exception to the guest statute. Material excerpts from the court’s opinion follow:
“There remains, then, only the question of whether or not the fact that the plaintiff Mary Summersett was picked up by the defendant a short distance down the road from the schoolhouse, rather than at the door or immediately in front of the schoolhouse, is sufficient to deprive her of her privileged status as a school child ‘being trasnported to or from school.’ We hold that it is not.
******
“The proviso in the guest statute relating to school children amounts to a preservation to such children of their common law right to recover for the ordinary negligence of their automobile host in transporting them to and from school; and we do not feel constrained to hold that, by dropping the children off before they reach the school or by picking them up after they have left the school, *692 the automobile host may evade his responsibility to exercise that degree of care which an ordinarily prudent person would exercise in the transportation of such children.”
In Weiss v. Ballagh, 169 So.2d 530 (Fla.App.1964), the court held that a student at the University of South Florida in Tampa whose home was in Lakeland came within the student exception to the guest statute while he was a passenger in a fellow student’s car when the defendant host and the plaintiff passenger were on their way to spend the weekend, the host at the home of his parents and the guest at the home of his brother rather than at his own home. In Weiss, supra, it seems to have mattered not that the guest student was not going from school to his own home. It was enough to place him within the statutory exception that he was “ . . . being transported to or from school. ...”
In Barber v. Majestic Wood Products, Inc., Fla.App., 195 So.2d 593, we held that a student was not within the statutory exemption when he was riding back to school from an unauthorized excursion he and the defendant host driver made from school “by cutting one of their regular classes without authority and for the purposes of pleasure and companionship unrelated to their regular school work.” The case at bar is distinguished from Barber since here there was no unauthorized excursion which would detract from the circumstances in which the legislature intended to extend the benefit to school children and students.
Appellant relies strongly on Farrey v. Bettendorf, Fla., 96 So.2d 889. In that case, the court denied the benefits of the student exception to the plaintiff who was injured while riding as a guest on defendant’s motorcycle around 10:30 at night while being transported from a school basketball game to his home. The court discussing the intent of the legislature concluded that a school basketball game was not a “school session”. In its discussion of the question, the court stated, at page 893:
“The Legislature of this State in its wisdom determined that the class of persons included in the proviso above quoted may recover damages for injuries received when riding as a guest in an automobile upon proof of simple negligence rather than gross negligence. We do not believe, however, the Legislature intended to extend the proviso to the extent of allowing recovery upon such degree of proof to any of the described class except those children or students being transported to or from regular school sessions conducted by such schools or places of learning. The office of a proviso in a statute is not to enlarge or extend the act of which section it is a part but rather to be a limitation or a restraint upon the language which the Legislature has employed. A proviso is to be construed strictly and limited to objects fairly within its terms, or to qualify or restrain its generality. Applying the rule of strict construction, we must conclude that the proviso was not intended to encompass a multitude of situations nor enlarge its operation to include classes of people or situations not reasonably contemplated nor intended to be included by that body of the government in which this exclusive jurisdiction rests. The common man would comprehend the limitation as being confined to those instances where, as occurs daily throughout the land, children and other students are transported to a school session in their respective schools or places of learning in the morning and returned later in the day from such school sessions to their respective abodes. Obviously it was not the purpose of the lawmakers to extend the proviso to extracurricular functions such as basketball and football games, school parties, plays and an unknown and unlimited number of similar activities.”
The italicized reference to “respective abodes” in the foregoing excerpt from the Farrey case is the basis for appellants’ argument that appellee is not entitled to the benefit of the student exception since here *693 he was being transported from school to his after-school employment rather than to his “abode”. We would, of course, agree with appellant if the statute said anything about a student’s abode or home or place of residence. But it doesn’t. Nor can words of similar import be found in the statute. Plainly the “from home to school and from school to home” concept has been engrafted onto the statute by the courts. Moreover, in Farrey, the engrafting operation was only dictum since there the issue was whether the night basketball game from which the student was returning home constituted a “school session” within the meaning of the statutory , phrase “schools or places of learning” as used in the proviso.
We think the proviso is broader than appellant contends. No rational explanation has been- offered to support the belief that the legislature meant for the privileged status to be extended to students on their way home from school to watch television, yet be withheld from a student on his way from school to a part-time job after school. We can safely assume that the legislature was aware that countless thousands of students maintain part-time jobs before and after school and therefore knew that such students normally went to school after completing the morning chores, and after the regular school session some proceed to an after-school job rather than home. Yet the legislature did nothing to exclude such students from the privileged status by providing that the exception was applicable only when coming from or going to one’s home. By so limiting the exception, the legislature would have been rewarding indolence at the expense of industry. This court is not inclined to bring about such a result by according meaning to the statutory proviso that the legislature itself failed to accord.
Affirmed.
CARROLL, DONALD K., J., concurs.
WIGGINTON, J., dissents.